**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 29 2002**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DIANTHA SMITH

    Plaintiff-Appellee and Cross-Appellant,

v.

DIFFEE FORD-LINCOLN-MERCURY, INC.,

    Defendant-Appellant and Cross-Appellee.

Nos. 00-6362, 00-6363

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. CIV-99-475-T)

---

Maurice G. Woods, II (Michael McAtee with him on the briefs), of McAtee & Woods, P.C., Oklahoma City, Oklahoma, for Defendant-Appellant and Cross-Appellee.

Mark Hammons of Hammons & Associates, Oklahoma City, Oklahoma, for Plaintiff-Appellee and Cross-Appellant

---

Before **BRISCOE, HOLLOWAY** and **McWILLIAMS**, Circuit Judges.

---

**HOLLOWAY**, Circuit Judge.

---

**I**

Diantha Smith ("Smith") was employed by Diffee Ford-Lincoln-Mercury, Inc.

("Diffee") of El Reno, Oklahoma. Smith's job title was "booker" or "warranty clerk," and her position required that she figure and prepare all warranty, internal, and customer pay repair orders for payment. Smith was a senior employee and apparently did her job well in most respects.

Smith's supervisor, Warren Blackketter ("Blackketter"), became disappointed, however, that Smith had not been training several junior employees in how to perform the Ford warranty claims submission process. As early as 1993 or 1994, he had asked her to begin this training and, in December, 1996, after Smith's return from vacation, formally reprimanded her for not training the junior employees. No deadline seems to have been set for this training to be completed, which was to last only about two weeks, and no documentation was required. Smith agrees that she did not train them fully as requested, but indicates that it was not listed as an official duty and that she was not well-suited to teaching.

Smith was diagnosed with breast cancer on April 29, 1997 and required medical leave from April 30 through June of 1997 for treatment. She told Diffee on leaving that she would be able to return to work June 16, 1997, which was within 12 weeks as the Family and Medical Leave Act (FMLA) required. During Smith's absence, Diffee says it became apparent to Blackketter that Smith had not adequately trained a junior employee, Martha DeHart, to do her job and that the warranty claims submission process began to back up. Warranty work accounted for the majority of Diffee's revenues, and Diffee says it was losing money as a result of the backup. DeHart had been working at Diffee since January of that

year. Both parties agree that Smith had partially but not fully trained DeHart, though they disagree as to the adequacy of the partial training. On June 3, 1997, Diffee terminated Smith.

The FMLA, 29 U.S.C. §§ 2601-2654, provides that eligible employees of certain employers have the right to take unpaid medical leave for a period of up to twelve work weeks in any twelve month period for a serious health condition as defined by the Act. It was established that Smith was an eligible employee, that Diffee was an employer covered by the Act, that Smith was on medical leave for treatment of a covered medical condition at the time of her dismissal, and that she would have been able to return to work before using her 12 weeks of leave had she not been terminated. Smith testified that she expected to work for Diffee until she retired.

## II

Smith brought suit against Diffee under the FMLA, the Americans with Disabilities Act (ADA), and Title VII, though she abandoned her Title VII claim at trial. She requested back pay, prejudgment interest, and front pay, as well as liquidated damages (under the FMLA), punitive damages (under the ADA), costs, and attorney's fees.

The district court granted summary judgment for Diffee as to the ADA claim of failing to reasonably accommodate her disability. The jury found that Smith was entitled to $58,000 back pay from the date of termination to the trial, to which $4,785 in interest was added. Relying on 29 U.S.C. § 2617(a)(1)(A)(iii), and on the fact that the jury had necessarily rejected Diffee's defense that it would have discharged Smith regardless of her

taking FMLA leave, the judge found that he was required to award $62,785 in liquidated damages (equal to the sum of back pay of $58,000 and interest in the amount of $4,785) and did so. As is explained below, such liquidated damages are in addition to the like amount of back pay and interest, effectively doubling the damages.

The judge, who determines front pay as an equitable issue, found the evidence persuasive that Diffee "was dissatisfied with [Smith's] job performance and would have discharged her within the next few months, even if she had not been absent for medical reasons," and declined to award front pay. III Aplt. App. 640. The court also awarded some but not all of the attorney's fees and costs Smith requested.

Both parties now appeal the denial of judgment as a matter of law in their favor on the FMLA claim. Diffee appeals the FMLA judgment based on the verdict, on the ground that the court improperly instructed the jury that Diffee bore the burden of proof on the FMLA claim. Diffee also appeals the award of liquidated damages. Smith appeals the district judge's grant of summary judgment for Diffee on the ADA claim, the judge's denial of FMLA front pay, and his refusal to award full costs and attorney's fees. We address each of these issues in turn.

**III**

A

*Judgment as a Matter of Law on the FMLA Claim*

Diffee appeals the denial of its motion for judgment as a matter of law on Smith's

FMLA claim. "We review de novo a district court's disposition of a motion for judgment as a matter of law, applying the same standard as the district court." *Baty v. Willamette Indus., Inc.*, 172 F.3d 1232, 1241 (10th Cir. 1999) (quotation marks and citation omitted).

Employees are authorized under 29 U.S.C. § 2617(a) to bring an action to recover damages for violations of § 2615. Courts have recognized two theories for recovery on FMLA claims under § 2615, the retaliation or discrimination theory and the entitlement or interference theory. The retaliation or discrimination theory arises from § 2615(a)(2), which provides that "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." The entitlement or interference theory arises from § 2615(a)(1): "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided in this subchapter."

We have addressed claims brought under both § 2615(a)(1) and (2). *Compare Morgan v. Hilti*, 108 F.3d 1319, 1325 (10th Cir. 1997) (affirming grant of summary judgment on FMLA retaliation/discrimination claim), *with Renaud v. Wyoming Dep't of Family Servs.*, 203 F.3d 723, 732 (10th Cir. 2000) (examining the sufficiency of evidence for a jury's determination that an employer did not interfere with its employee's entitlement to FMLA leave when he was fired while on leave), *and Tate v. Farmland Indus.*, 268 F.3d 989, 997 (10th Cir. 2001) (holding that an employee could maintain a cause of action where the employee had FMLA rights and the employer's actions were alleged to have interfered with

those rights). We recently recognized the interference theory by name. *McBride v. Citgo Petroleum Corp.*, 281 F.3d 1099, 1108 (10th Cir. 2002) (characterizing claims in *Renaud* and *Gunnell v. Utah Valley State College*, 152 F.3d 1253 (10th Cir. 1998), as brought under the interference theory).

The interference or entitlement theory is derived from the FMLA's creation of substantive rights. If an employer interferes with the FMLA-created right to medical leave or to reinstatement following the leave, a deprivation of this right is a violation regardless of the employer's intent. *King v. Preferred Technical Group*, 166 F.3d 887, 891 (7th Cir. 1999). In such a case, "the employee must demonstrate by a preponderance of the evidence only entitlement to the disputed leave . . . . [T]he intent of the employer is immaterial." *Id.* However, we are also mindful that "[u]nder FMLA, an employee who requests leave or is on leave has no greater rights than an employee who remains at work." *Gunnell*, 152 F.3d at 1262 (citing 29 C.F.R. § 825.216(a)). We have further explained that "an employee who requests FMLA leave would have no greater protection against his or her employment being terminated for reasons not related to his or her FMLA request than he or she did before submitting the request." *Id.* (citing 29 C.F.R. § 825.216(a) and cases). *Gunnell* makes clear that an employee may be dismissed, preventing her from exercising her statutory right to FMLA leave—but only if the dismissal would have occurred regardless of the employee's request for or taking of FMLA leave. *Id.*

We have not explored the entire range of reasons for dismissal that would support

recovery under the interference/entitlement theory. The fact that the interference/entitlement theory and the retaliation/discrimination theory are recognized as separate theories makes it evident, however, that retaliation is not the only impermissible reason for dismissal. A plaintiff can prevail under an entitlement theory if she was denied her substantive rights under the FMLA for a reason connected with her FMLA leave. Such a reason need not be retaliation. Smith's decision not to pursue her claim under the retaliation theory is thus not fatal to her case.

On the other hand, a reason for dismissal insufficiently related to FMLA leave will not support recovery under an interference theory. In *McBride*, we affirmed a grant of summary judgment to a defendant employer where an employee argued that the same illness that led to her taking FMLA leave also caused performance problems for which she was dismissed. *McBride*, 281 F.3d at 1108. We reasoned that the FMLA did not extend to employees such additional protections as a ban on dismissal for poor performance caused by illness or the right to demonstrate improved performance when not ill. *Id.* We considered the indirect causal link between the employee's dismissal and FMLA leave (i.e., the fact that they independently resulted from the same cause) to be inadequate as a basis for recovery under the FMLA. *Id.*

In the case at bar, by contrast, Smith both presented evidence and argued that she would not have been dismissed had she not taken FMLA leave. This claim was submitted by the instructions to the jury and the verdict in Smith's favor was based on this claim.

Smith points to her long years of service, Diffee's failure to subject her to serious discipline before her FMLA leave, the lack of formal emphasis on the importance of training, the lack of monitoring or reporting of training progress, and Diffee's timing of her termination (during her FMLA leave). She also points to Blackketter's testimony suggesting that there was no formal deadline for completing the training of other employees, except that Smith had to complete the training before she took leave for any reason. III Aplt. App. 735-39, IV Aplt. App. 996. The timing of Smith's termination also indicates a causal relation between her FMLA leave and her dismissal. *See Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999) (observing that one and one-half months between the protected activity and dismissal "may, by itself, establish causation") (citing *Ramirez v. Okla. Dep't of Mental Health*, 41 F.3d 584, 596 (10th Cir. 1994)). From this testimony the jury could reasonably infer that, had Smith been healthy, Diffee would have permitted her to continue indefinitely at her job without training anyone.

Diffee stipulated that Smith was an FMLA eligible employee and took leave because of a serious medical condition, that she was fired while on FMLA leave and not reinstated to her former position, and that had she not been fired she would have been able to return to work at the end of the twelve weeks of leave. III Aplt. App. 709-10. Under 29 U.S.C. § 2617, Smith was therefore entitled to the FMLA back pay and prejudgment interest awarded to her. As we explained in *Gunnell*, her damages would be limited to the benefits she would have received had Diffee not interfered with her right to reinstatement following FMLA

leave.

As noted, Smith presented evidence from which a reasonable jury could have found (as it did) that she would have been employed and continued to collect wages had she not taken FMLA leave. Therefore, judgment as a matter of law for Diffee on the FMLA claim was properly denied. Because we hold that the jury's verdict should stand, Smith's appeal of the denial of her motion for judgment as a matter of law on her FMLA claim is now moot.

B

*Effect of the Jury Instructions on the Entitlement Claim*

Diffee argues that the district court erred in instructing the jury on Smith's FMLA claim, that this error was prejudicial, and that therefore Diffee is entitled to a new trial. "We review the district court's decision to give a particular jury instruction for abuse of discretion and consider the instructions as a whole de novo to determine whether they accurately informed the jury of the governing law." *United States v. McClatchey*, 217 F.3d 823, 834 (10th Cir.) (citation omitted), *cert. denied*, 531 U.S. 1015 (2000). An error in jury instructions requires reversal only if it was prejudicial in light of the whole record. *United States v. Denny*, 939 F.2d 1449, 1454 (10th Cir. 1991).

In *Gunnell* we did not have occasion to consider differences between the applications of the two theories—entitlement/interference and discrimination/retaliation. The question which is at the heart of this case, therefore, remains open: Under an entitlement theory, which party bears the burden of proving whether the employee would or would not have been

dismissed for reasons unrelated to her FMLA leave? In the instant case, the jury was instructed according to the entitlement theory. IV Aplt. App. 1136-39 (Instructions 8 and 9). Diffee argues first that the district court erred in giving an entitlement instruction at all, since it says neither Smith's filings nor the pretrial order gave adequate notice that such a theory would be relied on as a basis for recovery. Appellant's Opening Brief at 12-18. Although Diffee argues this point at length, it does not indicate how it might have been prejudiced by the alleged lack of adequate notice. Nor is any prejudice obvious to us. Because we do not see that substantial rights were affected by this error, if it was error, we may not consider it in reaching our decision. 28 U.S.C. § 2111 ("On the hearing of any appeal . . . , the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties.").

Diffee goes on to argue that the district court misstated the applicable law when it instructed the jury on the entitlement claim. If the claim was brought under an entitlement theory, Diffee argues, the court erroneously shifted the ultimate burden of persuasion to Diffee to prove its legitimate reason for terminating Smith. Diffee also says that the judge did not require Smith to prove entitlement to the benefit of being restored to her position. Appellant's Opening Brief at 27 (citing *Rice v. Sunrise Express*, 209 F.3d 1008 (7th Cir. 2000)). Diffee argues in the alternative that even if the claim was properly brought under a discrimination/retaliation theory, the court improperly failed to instruct the jury on any of the proper elements of proof under traditional intent-based discrimination/retaliation claims.

Appellant's Opening Brief at 27, citing *Morgan*, 108 F.3d 1319.

Diffee focuses its argument on the fact that while the district court's instructions put the initial burden of proof on Smith, they then shifted the burden to Diffee to prove that Smith would have been dismissed for reasons unrelated to her FMLA leave. The Circuits are split on the issue of where such a burden falls. The Eleventh Circuit, relying on 29 C.F.R. § 825.216 (a) (1), has required that once an employee proves she was denied reinstatement after FMLA leave, the employer must prove she would have been laid off anyway for some other reason. *See O'Connor v. PCA Family Health Plan, Inc.*, 200 F.3d 1349 (11th Cir. 2000); *Parris v. Miami Herald Publ'g Co.*, 216 F.3d 1298 (11th Cir. 2000). This regulation was promulgated by the Department of Labor pursuant to the Secretary's delegated power to issue regulations necessary to carry out the FMLA. *Ragsdale v. Wolverine World Wide, Inc.*, 122 S.Ct. 1155, 1159-60 (2002) (citing 29 U.S.C. § 2654). The First Circuit has held unequivocally that such regulations are entitled to deference:

> We do not write on a clean slate. The Act delegates to the Secretary of Labor broad authority to "prescribe such regulations as are necessary to carry out" the Act. 29 U.S.C. § 2654. The regulations . . . were promulgated pursuant to the requirements of notice-and-comment rulemaking under the Administrative Procedure Act, 5 U.S.C. § 553. . . . The regulations were an exercise of the Secretary's delegated authority and were adopted with the participation of the public, and thus deference to the Secretary's interpretation is properly invoked.

*Duckworth v. Pratt & Whitney, Inc.*, 152 F.3d 1, 5 (1st Cir. 1998).

Subsection (a) of 29 C.F.R. § 825.216 provides:

> An employee has no greater right to reinstatement or to other benefits and conditions of employment than if the employee had been continuously

employed during the FMLA leave period. *An employer must be able to show that an employee would not otherwise have been employed at the time reinstatement is requested in order to deny restoration to employment.*

(emphasis added). This section further provides, by way of example, that

[i]f an employee is laid off during the course of taking FMLA leave and employment is terminated, the employer's responsibility to continue FMLA leave, maintain group health plan benefits and restore the employee cease at the time the employee is laid off . . . . *An employer would have the burden of proving that an employee would have been laid off during the FMLA leave period and, therefore, would not be entitled to restoration.*

(emphasis added). 29 C.F.R. § 825.216(a)(1).

We therefore conclude that the regulation is not arbitrary, capricious, or manifestly contrary to the FMLA. We also conclude that the regulation validly shifts to the employer the burden of proving that an employee, laid off during FMLA leave, would have been dismissed regardless of the employee's request for, or taking of, FMLA leave. We therefore see no need to apply the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). We cannot agree with the Seventh Circuit's reading of the statute as stated in *Rice*, 209 F.3d 1008. We are persuaded that the Eleventh Circuit in *Parris* has the better argument because its reading of the regulation is more natural, and its holding is both more reasonable and more harmonious with precedent. In sum, we hold that the claims of error in the instructions on the entitlement theory are not persuasive and do not entitle Diffee to a new trial.

C

*Award of Liquidated Damages*

Diffee challenges the award of liquidated damages under the FMLA. The only arguments it offers in its opening brief, however, are those against FMLA liability generally. The FMLA provides that an employer who violates the act shall be liable for liquidated damages in an amount equal to back pay plus prejudgment interest, unless it "proves to the satisfaction of the court that the act or omission . . . was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation . . . ." 29 U.S.C. § 2617(a)(1)(A)(iii). Adding such liquidated damages to the awards of back pay and prejudgment interest "effectively doubles the size of the award." *Nero v. Indus. Molding Corp.*, 167 F.3d 921, 925 n.2 (5th Cir. 1999).

The district court concluded that Smith was entitled to liquidated damages in the amount of $62,785, and awarded them. III Aplt. App. 630-40. Diffee cites *Fitzgerald v. Mountain States Tel. & Tel. Co.*, 68 F.3d 1257, 1264 (10th Cir. 1995), for the principle that damages that are "speculative, remote, imaginary, or impossible of ascertainment" may not be recovered. However, Smith testified that she expected to work at Diffee until she reached age 65, and presented evidence from which the jury could reasonably find that she would be employed by Diffee at least until the date of trial. The jury so found and calculated back pay accordingly. Prejudgment interest

was based on this award of back pay. The additional award of liquidated damages equaled the jury's award of back pay plus prejudgment interest, as provided for under 29 U.S.C. § 2617(a)(1)(A)(iii). Damages were therefore not speculative, remote, imaginary, or impossible of ascertainment.

We have determined that the district court did not err in denying Diffee judgment as a matter of law because the court correctly entered a judgment for $62,785 (representing $58,000 back pay plus $4,785 prejudgment interest) based on the jury verdict. Having entered such a judgment, the judge properly awarded liquidated damages in a like amount. Thus we conclude that the district court properly awarded liquidated damages.

D

*Denial of Front Pay*

While back pay—which the jury awarded—compensates the victim of discrimination for lost wages and benefits before trial, front pay is intended to compensate her for losses after trial. *Graefenhain v. Pabst Brewing Co.,* 870 F.2d 1198, 1213 (7th Cir. 1989); *Dalal v. Alliant Techsystems, Inc.*, No. 94-1483, 1995 WL 747442, at *2-3 (10th Cir. Dec. 18, 1995).[1] Front pay is an equitable remedy and its calculation and award are the responsibility of the court, as Diffee argues. *Mason v. Okla. Tpk. Auth.*, 115 F.3d 1442, 1458 (10th Cir. 1997). We review the district

_____

[1]The district court cited this case in its order, recognizing that it was cited for persuasive value only as provided for under 10th Cir. R. 36.3(B).

- 14 -

judge's findings underlying his award of front pay for clear error, and the award itself for abuse of discretion. *EEOC v. Gen. Lines, Inc.*, 865 F.2d 1555, 1558 (10th Cir. 1989).

Here, Smith sought both legal and equitable relief (back pay and front pay). Diffee argues that the judge has authority to determine front pay. This, however, does not take into account the binding effect of the jury's findings. We have previously held that when legal and equitable issues to be decided in the same case depend on common determinations of fact, such questions of fact are submitted to the jury, and the court in resolving the equitable issues is then bound by the jury's findings on them. *Ag Servs. of America, Inc. v. Nielsen*, 231 F.3d 726, 730 (10th Cir. 2000) (citing *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 (1959), and *Dairy Queen, Inc. v. Wood*, 369 U.S. 469 (1962)). In *Ag Servs.* we explained that

> [t]he strictures of the Seventh Amendment are particularly applicable in a case where, due to the presence of both equitable and legal issues, trial is both to the jury and to the court. In such a situation, when a case involves both a jury trial and a bench trial, any essential factual issues which are central to both must be first tried to the jury, so that the litigants' Seventh Amendment jury trial rights are not foreclosed on common factual issues. Moreover, the court is bound by the jury's determination of factual issues common to both the legal and equitable claims.

*Id.* (emphasis omitted). "We have held that when fact issues central to a claim are decided by a jury upon evidence that would justify its conclusion, the Seventh Amendment right to a jury trial prohibits the district court from reaching a contrary

- 15 -

conclusion." *Brinkman v. Dep't of Corrections*, 21 F.3d 370, 372-73 (10th Cir.), *cert. denied*, 513 U.S. 927 (1994).

The judge expressly acknowledged the application of the *Brinkman* holding. In considering the back pay claim, the judge accepted the jury's rejection of the defense "that the plaintiff would have been terminated for unsatisfactory job performance even if she had not taken FMLA leave." III Aplt. App. 640 (Order of Sept. 29, 2000). The trouble is that when the judge turned to consider the front pay issue, the jury's finding that Smith would *not* have been fired before the trial was disregarded. Instead, the judge made his own contrary finding:

> Even though the jury found that the plaintiff was terminated for taking medical leave, that conclusion does not negate the evidence, found by the court to be persuasive, that the defendant was dissatisfied with the plaintiff's job performance and would have discharged her within the next few months, even if she had not been absent for medical reasons.

III Aplt. App. 640 (Order of Sept. 29, 2000).

Here, the jury had implicitly found that Smith would have been employed at least until the date of trial,[2] which was more than three years after her dismissal on June 3, 1997. Smith sought back pay of $58,000, which represented the wages she expected to earn from the date of termination to the date of trial (in August, 2000). III Aplt. App. 849; IV Aplt. App. 905-06. The jury was instructed that, if it found Smith had proved the elements of her FMLA claim, it was to award back pay in the

---

[2]The record shows the $58,000 back pay award was made by the verdict of August 16, 2000. Aple. App. 48.

- 16 -

amount of wages and benefits she would have earned after the date of her termination but not later than the date of the verdict. IV Aplt. App. 1140-41 (Jury instruction 10). The jury awarded her the requested $58,000 as back pay. Aple. App. 48. We must presume that the jury followed the district court's instructions. *Weeks v. Angelone*, 528 U.S. 225, 234 (2000); *United States v. McClatchey*, 217 F.3d 823, 833 (10th Cir.), *cert denied*, 531 U.S. 1015 (2000). It is clear therefore that the jury found that Smith would have been employed by Diffee at least until the date of trial.

The trial judge's denial of front pay was based on his own finding that Smith would have been fired within "the next few months, even if she had not been absent for medical reasons." This finding of the judge disregarded the jury's implicit finding that Smith would have been employed at least until the date of trial, in August, 2000. This was impermissible under *Beacon Theatres*, 359 U.S. 500, and *Dairy Queen*, 369 U.S. 469. *See also Ag Servs.*, 231 F.3d at 730. We therefore conclude that the judge's finding, premising his denial of front pay, was error. The judge therefore abused his discretion when he denied Smith front pay on the basis of his own erroneous finding. *Gen. Lines*, 865 F.2d at1558.

On remand, the district judge should make new findings for a front pay award consistent with the jury's findings. The district judge may, in his discretion, hold additional hearings if necessary for the new findings and front pay award.

- 17 -

E

*Grant of Diffee's Motion for Summary Judgment on the ADA Claim*

Smith appeals the district court's denial of her motion for summary judgment on her claim under the ADA, 42 U.S.C. §§ 12101 *et seq.*, and the court's grant of summary judgment to Diffee. A denial of summary judgment is ordinarily not a final decision and is thus not appealable. *Schmidt v. Farm Credit Servs.*, 977 F.2d 511, 513 n.3 (10th Cir. 1992). We follow that principle here and therefore dismiss for lack of jurisdiction Smith's claim of error in the denial of summary judgment. The grant of summary judgment to Diffee, however, is appealable, and "[w]e review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 528 U.S. 815 (1999). The nonmovant is given "wide berth to prove a factual controversy exists." *Jeffries v. Kansas, Dep't of Soc. & Rehab. Servs.*, 147 F.3d 1220, 1228 (10th Cir. 1998) (citation omitted).

In *White v. York Int'l Corp.*, 45 F.3d 357, 360-61 (10th Cir. 1995), we explained that

> to qualify for relief under the ADA, a plaintiff must establish (1) that he is a disabled person within the meaning of the ADA; (2) that he is qualified, that is, with or without reasonable accommodation (which he must describe), he is able to perform the essential functions of the job; and (3) that the employer terminated him because of his disability.

- 18 -

Initially, the district court found that Smith had not come forward with evidence that she was disabled within the meaning of the ADA. Aple. App. 3-4. However, in the pretrial order, Diffee stipulated that Smith was disabled within the meaning of the ADA, and apparently had never sought or been granted relief from this stipulation.[3] Aple. App. 15. On reconsideration, the court therefore vacated its previous conclusion that Smith had failed to demonstrate that she was disabled within the meaning of the ADA. Aple. App. 26-27. Smith therefore satisfied the first requirement. However, the court went on to grant summary judgment in favor of Diffee, on the alternative basis that Smith presented no evidence that Diffee had discriminated against her because of her disability. *Id.*

Smith argues that her request for leave amounted to a request for reasonable accommodation of her disability. We have previously explained that limited leave for medical treatment may qualify as reasonable accommodation under the ADA. *Rascon v. U.S. West Communications, Inc.* 143 F.3d 1324, 1333-34 (10th Cir. 1998) (citing *Hudson v. MCI Telecomms. Corp.*, 87 F.3d 1167, 1169 (10th Cir. 1996)). Whether medical leave is a reasonable accommodation under the ADA is a mixed question of law and fact involving primarily legal principles, and is therefore reviewed de novo.

---

[3]Diffee explained that it had made the stipulation as a trial tactic, so that Smith would not be able to present medical testimony to the jury that it felt "would no doubt garner compassion and prejudice for [Smith's] plight." Aple. App. 18. Diffee contends that by making such a stipulation after briefing had finished and Smith's motion for summary judgment had been filed it "merely intended to abandon the issue at trial—not foreclose the issue from this Court's determination." *Id.*

- 19 -

*Id.* at 1333. Because Smith had requested and taken no more leave than the FMLA already required that she be given, we cannot conclude that the length of time was unreasonable or that the leave unduly burdened Diffee. We conclude that Smith satisfied the second requirement.

The third requirement (that the employer terminated the employee because of her disability), identified by the district court as the basis for its order, is the only remaining possible basis for granting summary judgment for Diffee on Smith's ADA claim. Although the court concluded that Smith "presented no evidence, direct or circumstantial, that [Diffee] discriminated against her because of her disability," as we have already concluded, Smith did present evidence adequate to raise a question of fact for the jury on her FMLA claim. Aple. App. 27.

"Under the ADA, prohibited discrimination includes failure to make 'reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability.'" *Rascon*, 143 F.3d at 1333 (quoting *Lowe v. Angelo's Italian Foods, Inc.*, 87 F.3d 1170, 1174 (10th Cir.1996)). In the instant case it is undisputed that Diffee fired Smith while she was on medical leave. The question of whether Smith was "otherwise qualified," however is indistinguishable from that submitted to the jury on the FMLA claim. Whether Smith would have kept her job had she not taken medical leave, or whether she would have been fired anyway, was a question for the jury. We also believe that the timing of

Smith's dismissal and the testimony suggesting that Smith's dismissal was attributable to her taking medical leave together provide adequate prima facie evidence of discrimination under the ADA.

When a burden shifting framework is used in a discrimination case, the Supreme Court has held that, once a plaintiff makes out her prima facie case, summary judgment cannot be granted for the defendant on the basis of her failure to present additional evidence of discrimination. *Reeves*, 530 U.S. 133, 147. This is because the employer is required to come forward with a legitimate, nondiscriminatory explanation for its decision. If the jury disbelieves this explanation it may, on this basis, reasonably infer that the employer is covering up a discriminatory purpose. *Id.* at 147-48; *Randle v. City of Aurora*, 69 F. 3d 441, 443 & n.18 (10th Cir. 1995). Therefore, we conclude that the district court erred in granting summary judgment for Diffee on Smith's ADA claim.

It is clear that Smith sought at least one remedy—punitive damages—under her ADA theory that she did not pursue under her FMLA theory. I Aplt. App. 23 (final pretrial order). Her recovery of liquidated damages as provided for under the FMLA does not necessarily prevent her from recovering punitive damages under the ADA. *See Atchley v. Nordam Group, Inc.*, 180 F.3d 1143, 1152 (10th Cir. 1999) (awarding liquidated damages under the FMLA and punitive damages under Title VII, and rejecting the argument that they represent a double recovery); *Mason*, 115 F.3d at

1460 ("[M]ultiple punitive damage awards on overlapping theories of recovery may not be duplicative at all, but may instead represent the jury's proper effort to punish and deter all the improper conduct underlying the verdict.")

We therefore reverse the grant of summary judgment for Diffee on Smith's ADA claim. We remand that claim to the district court for further proceedings and the entry of judgment on liability and damages. The judge can then reconsider costs and attorney's fees, to which we now turn.

F

*Costs and Attorney's fees*

Smith argues that the trial judge erroneously entered a reduced award of costs and attorney's fees. Diffee says that the determination on costs and attorney's fees was "appropriate, if properly granted in the first instance." Appellant's Answer Brief to Cross Appeal and Reply Brief at 32.

We review the award of attorney's fees for abuse of discretion. *Shaw v. AAA Eng'g & Drafting, Inc.*, 213 F.3d 538, 542 (10th Cir. 2000) (awarding attorney's fees); *Urban ex rel. Urban v. Jefferson County Sch. Dist.*, 89 F.3d 728, 728 (10th Cir. 1996) (refusing to award fees). "We will not disturb the district court's determination regarding what costs are reasonably necessary to the litigation absent an abuse of discretion." *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1476 (10th Cir. 1997) (citation omitted). "A court abuses its discretion when it bases its decision on an

erroneous conclusion of law or when there is no rational basis in evidence for its ruling." *Shaw*, 213 F.3d at 542 (citation omitted).

The FMLA provides that a plaintiff shall be allowed "a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant." 29 U.S.C. § 2617(a)(3). The district court awarded Smith some, but not all, the costs and attorney's fees she sought. Smith asks for recalculation of attorney's fees which she says were reduced because her ADA and front pay claims were unsuccessful. After proceedings on the ADA and front pay FMLA claims occur on remand, as this opinion provides for, the district court should recalculate the award of costs and attorney's fees.

We note that Smith also asks for reimbursement of certain unnamed out-of-pocket expenses. She concedes she can cite no cases construing the FMLA's costs provision. However, she cites the legislative history indicating that the portion of the FMLA dealing with costs is to be interpreted in the same way as the Fair Labor Standards Act ("FLSA"). Under the FLSA, costs include reasonable out-of-pocket expenses. *Shorter v. Valley Bank & Trust Co.*, 678 F.Supp. 714, 726 (N.D. Ill. 1988). They can include costs beyond those normally allowed under Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920. *Herold v. Hajoca Corp.*, 864 F.2d 317, 323 (4th Cir.1988), *cert. denied*, 490 U.S. 1107 (1989) (holding that FLSA's costs provision authorizes an award of costs as part of a "reasonable attorney's fee," which would not be authorized

- 23 -

under Rule 54 or 28 U.S.C. § 1920); *Colunga v. Young*, 722 F.Supp. 1479, 1488 (W.D. Mich. 1989), *aff'd* 914 F.2d 255 (6th Cir. 1990) (holding that, while travel and telephone costs are not recoverable under Rule 54 or 28 U.S.C. § 1920, they are recoverable under "the remedial and thus more broadly interpreted cost-shifting aspect" of FLSA). Smith argues that the district court erroneously failed to use that remedial standard.

The district court declined to award "reasonable out-of-pocket expenses that are normally absorbed as part of law firm overhead." Aple. App. 144. In so deciding, the court apparently found that the expenses Smith now seeks to recover were normally absorbed as overhead and reflected in the attorney's hourly rate. We have previously held in *Ramos v. Lamm*, 713 F.2d 546, 558-59 (10th Cir. 1983), that such expenses are not recoverable. Neither the district court's opinion nor Smith's opening brief nor her reply brief indicates what the out-of-pocket expenses at issue are, nor does Smith cite evidence in the record on these expenses. Smith did not respond to Diffee's argument that *Ramos* held the kind of costs at issue here to be unrecoverable, nor does she present any basis for disputing the district court's finding that they would normally be absorbed as part of overhead. Smith therefore does not show that the district court had authority, even under the more expansive FMLA remedial standard, to award these costs.

Accordingly, when the trial judge reconsiders costs and attorney's fees as

provided above, the out-of-pocket expense claim should be denied again as in the judge's earlier ruling thereon, which we uphold.

**IV**

For these reasons, the district court's denial of Diffee's motion for judgment as a matter of law on Smith's FMLA claim is AFFIRMED. The court's denial of a new trial on Smith's FMLA claim is likewise AFFIRMED. The award of liquidated damages made under the FMLA is AFFIRMED. The district court's denial of FMLA front pay to Smith is REVERSED and that claim is REMANDED for proceedings consistent with this opinion. The court's grant of summary judgment to Diffee on Smith's ADA claim is REVERSED. Smith's ADA claim is REMANDED to the district court with instructions to consider the entry of proper judgment in accord with this opinion. Smith's attempted appeal from the denial of her motion for summary judgment on her ADA claim is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED.