**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 29 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

HYLA VANMEVEREN,

Plaintiff - Appellant,

v.

WHIRLPOOL CORPORATION,
a Delaware corporation,

Defendant - Appellee.

No. 02-5071
(D.C. No. 00-CV-744-K)
(N.D. Oklahoma)

**ORDER AND JUDGMENT** *

Before **BRISCOE** , **PORFILIO** , and **ANDERSON** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Hyla VanMeveren appeals from the district court's grant of judgment as a matter of law under Fed. R. Civ. P. 50(b) in favor of her employer, defendant Whirlpool Corporation, on her complaint that it terminated her in retaliation for exercising her rights under the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601-2654. Following a jury verdict in plaintiff's favor, the district court granted Whirlpool's Rule 50(b) motion, ruling that Whirlpool presented undisputed evidence showing that it had a lawful justification for firing plaintiff. We affirm.

On February 9, 2000, plaintiff was absent from work all day pursuant to a previously submitted leave request. On February 15, 2000, plaintiff was five hours late to work. The next day, plaintiff contacted Whirlpool managers, seeking to have her February 9th absence counted as FMLA leave and her February 15th absence counted as a partial, rather than full-day, absence. Whirlpool investigated plaintiff's February 9th absence, and terminated her on the basis that plaintiff had lied about the time of a doctor's appointment on February 9th in order to obtain unwarranted FMLA leave time for her absence that day. Plaintiff then filed a complaint, alleging Whirlpool had terminated her in retaliation for taking FMLA leave.

To establish a prima facie case of FMLA retaliation, a plaintiff must show she engaged in activity protected under FMLA, subsequent adverse action by the

employer, and a causal connection between such activity and the employer's action. *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 208-09 (10th Cir. 1997). In analyzing FMLA retaliation claims, this court applies the traditional burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973). *Richmond,* 120 F.3d at 208. Under this framework, the defendant has an opportunity to rebut a prima facie case of retaliation by offering legitimate non-retaliatory reasons for the adverse action. *Id*. Once defendant offers such reasons, a plaintiff must present evidence that defendant's reasons are unworthy of belief in order to carry his or her ultimate burden of establishing intentional retaliation. *See Gunnell v. Utah Valley State College*, 152 F.3d 1253, 1263 (10th Cir. 1998) (explaining that plaintiff asserting retaliation claim has the ultimate burden to demonstrate that the challenged employment decision was the result of intentional retaliation).

Whirlpool articulated two legitimate, non-retaliatory reasons for its termination decision: plaintiff lied with respect to the appointment time as to the February 9th absence, and plaintiff incurred her seventh unexcused partial absence on February 15th, for which she was subject to automatic termination. Whirlpool permits its employees four unexcused tardy or early leave absences in a rolling twelve-month period; each subsequent unexcused tardy or early leave absence results in a corrective action; any employee who receives a third

-3-

corrective action within the rolling twelve-month period is terminated. It is undisputed that Whirlpool strictly and consistently enforces this policy.

Plaintiff stipulated that she had been issued two corrective actions in the twelve months prior to February 15th, that she was late to work on February 15th and that, if her partial absence that day was not an excused absence, she had incurred her seventh unexcused partial absence in a year. She further stipulated that if her absence on the 15th was unexcused, she would have properly received her third corrective action and would have been properly terminated by Whirlpool.

The jury returned a verdict in plaintiff's favor, finding (on special jury interrogatories) that plaintiff had established a prima facie case of FMLA retaliation, that Whirlpool had not terminated plaintiff based on its honest belief that she had falsified the time of the appointment, and that plaintiff's partial absence on February 15th was not an alternative legitimate basis for her termination. On Whirlpool's renewed Rule 50(b) motion, the district court granted Whirlpool judgment as a matter of law. It found, and plaintiff does not dispute, that plaintiff presented absolutely no evidence at trial that her late arrival

on February 15th was excused. [1] Thus, the district court ruled that, as a matter of law, Whirlpool had an alternative legitimate basis for terminating plaintiff.

This court reviews de novo the grant of a motion for judgment as a matter of law under Rule 50(b). *Arndt v. Koby*, 309 F.3d 1247, 1250 (10th Cir. 2002), *cert. denied*, 71 U.S.L.W. 3589 (U.S. May 5, 2003) (No. 02-1313). A court should grant a defendant judgment as a matter of law "if there is no legally sufficient evidentiary basis with respect to [the plaintiff's] claim . . . under the controlling law." *Id*. (quotation omitted). Judgment as a matter of law under Rule 50(b) "is warranted only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion." *Id.* (quotation omitted).

Plaintiff contends the district court improperly reweighed the jury's finding that her seventh unexcused partial absence was not an alternative legitimate basis for her termination. However, because of plaintiff's pre-trial stipulations and admissions at trial, the only issue before the jury was whether her absence on February 15th was an excused absence. The record supports the district court's finding, and plaintiff does not otherwise now argue, that plaintiff failed to present

---

[1]    Plaintiff testified during her pre-trial deposition that her absence on February 15th had been an excused absence and the district court denied Whirlpool's motion for summary judgment on this basis.

*any* evidence at trial that her absence was excused. Thus, the district court did not improperly weigh the evidence.

Plaintiff next asserts that her unexcused absence is not a legitimate basis for terminating her because Whirlpool did not articulate this alternative basis until after she filed her complaint, more than a year after her firing. Plaintiff provides no authority for this proposition. Whirlpool presented undisputed testimony at trial that it was aware of plaintiff's seventh unexcused absence when it terminated her and would have terminated her for that absence, regardless of the alleged falsification, but chose instead to rely upon the claimed falsification because of the importance of honesty in Whirlpool's work and personnel operations. This uncontested testimony is entirely consistent with plaintiff's stipulation that she was subject to automatic termination as of February 15th, when she incurred her seventh unexcused absence. We agree with the district court that the fact that Whirlpool did not specifically articulate the unexcused absence as an additional basis for plaintiff's termination at the time of discharge does not mean that it was not a legitimate reason behind its termination decision. *See Grottkau v. Sky Climber, Inc.*, 79 F.3d 70, 73 (7th Cir. 1996).

Plaintiff maintains that the seventh unexcused absence constitutes after-acquired evidence under *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 362-63 (1995) (holding that after-acquired evidence of wrongdoing

can serve only to limit remedy, not to preclude liability altogether). The district court properly rejected this argument because Whirlpool is not relying on after-acquired evidence of wrongdoing. Again, Whirlpool presented undisputed testimony that it was aware of plaintiff's seventh unexcused absence when it terminated her.

Plaintiff also relies upon *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 960 (10th Cir. 2002) for the proposition that, once the jury found that she had established a prima facie case of FMLA retaliation, the intent of the employer becomes immaterial. She misconstrues *Smith*. *Smith* explains that intent is immaterial in FMLA interference cases, where the employee claims the employer interfered with FMLA leave to which he or she was entitled. Plaintiff has neither asserted nor proved a FMLA interference claim; rather, she has asserted a FMLA retaliation claim, for which the employer's intent is relevant. *See King v. Preferred Technical Group*, 166 F.3d 887, 891 (7th Cir. 1999) (cited with approval by *Smith*, explaining differences between FMLA interference and FMLA retaliation claims). Moreover, as *Smith* makes clear, even under FMLA interference claims, "'an employee who requests FMLA leave would have no greater protection against his or her employment being terminated for reasons not related to his or her FMLA request than he or she did before submitting the request.'" 298 F.3d at 960 (quoting *Gunnell*, 152 F.3d at 1262).

-7-

In summary, because plaintiff stipulated she was subject to automatic termination if her seventh absence was unexcused and presented no evidence at trial that this absence was excused, no reasonable jury could have found that Whirlpool did not have a legitimate, non-retaliatory reason for terminating her. Thus, the district court properly granted Whirlpool judgment as a matter of law. The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge