**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 16 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PATRICIA COOKE, individually and
as personal representative of Sherrel
"Frank" Cooke, deceased,

     Plaintiff-Appellant,

v.

C. BEAN TRANSPORT, INC., a
foreign corporation,

     Defendant-Appellee.

No. 01-7042
(Eastern District of Oklahoma)
(D.C. No. 00-CV-139-P)

**ORDER AND JUDGMENT**[*]

Before, **KELLY**, **ANDERSON**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this court has determined

unanimously that oral argument would not materially assist the determination of

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

Plaintiffs Sherrel "Frank" Cooke and Patricia Cooke were employed as team drivers by C. Bean Transport, Inc. ("C. Bean"). The Cookes filed this suit in federal district court against C. Bean, alleging that C. Bean violated the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601– 2654, by: (1) not allowing them to take intermittent medical leave; (2) requiring Frank to provide a physician's note and to undergo an additional physical examination before permitting him to return to work; and (3) not allowing the Cookes to return to work.[1] The Cookes moved for summary judgment on their FMLA claims. The district court denied the Cookes' motion and granted C. Bean partial summary judgment, reasoning that C. Bean did not violate the FMLA by requiring Frank to undergo an additional physical examination before permitting him to return to work in accordance with Department of Transportation ("DOT") regulations.

The Cookes tried the remainder of their FMLA claims to a jury. At the close of the evidence, C. Bean moved for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure on the Cookes' FMLA claims.

---

[1] The Cookes asserted these claims under both an entitlement and a retaliation theory. The Cookes also filed claims against C. Bean under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 2000e-5, 12117. Those claims are not at issue on appeal.

The district court granted C. Bean's motion as to the Cookes' FMLA claims based on an entitlement theory, concluding that the Cookes failed to present a proper FMLA claim under § 2615(a)(1) because they did not prove that they were denied medical leave. The district court, however, denied C. Bean's motion with respect to the Cookes' FMLA claims based on a retaliation theory. 29 U.S.C. §§ 2615(a)(2), 2615(b).

During the jury instruction conference, the Cookes objected to Instruction 13 which read as follows:

RETALIATION – ESSENTIAL ELEMENTS
Your verdict must be for the plaintiffs if plaintiffs prove all of the following elements by the greater weight of the evidence:
(1) Plaintiffs engaged in an FMLA protected activity; and
(2) Defendant took an adverse employment action against Plaintiffs; and
(3) The adverse employment action was taken because the plaintiffs engaged in legally protected activity.
In this case it is agreed that Plaintiffs engaged in an FMLA protected activity. Plaintiffs must prove that the defendant took an adverse employment action and that the adverse employment action was taken because of Plaintiffs having engaged in legally protected activity. The plaintiffs must prove, by the greater weight of the evidence, that the defendant intentionally retaliated against them because of their FMLA leave and that this was a motivating factor in the employment decision. A motivating factor, or motive, is a reason or desire that causes someone to take action. An act of retaliation is intentional if it is done consciously, voluntarily, and purposely, and not because of mistake, inadvertence, or accident.
In considering whether the plaintiffs have proven retaliation, you should also consider whether the defendant's explanation for its actions was legitimate and nondiscriminatory, or a pretext for discrimination.

The Cookes argued that Instruction 13 improperly informed the jury that intent was an element of their FMLA claims. The district court overruled the Cookes' objection.

The Cookes' also objected to Instruction 14 on essentially the same grounds.[2] Instruction 14 read as follows:

> LEGITIMATE BUSINESS REASON
> In deciding Plaintiffs' claim for retaliation, you must consider any legitimate, nonretaliatory reason or explanation proffered by Defendant for their decisions. If you find that Defendant has stated a valid reason for its decisions regarding Plaintiff's employment, then you must decide in favor of Defendant on Plaintiffs' retaliation claim, unless Plaintiffs prove by the greater weight of the evidence that the stated reason for Defendant's treatment of Plaintiffs was not the true reason, but only a "pretext," or in other words, an "excuse" for retaliating against Plaintiffs because of the exercise of their FMLA rights.

The district court overruled the Cookes' objection to Instruction 14.

After a trial on the merits of the Cookes' remaining FMLA claims, a jury returned a verdict in favor of C. Bean.

The Cookes argue on appeal that the district court erred in giving Instructions 13 and 14. The majority of the Cookes' arguments on appeal,

---

[2] The Cookes objected to the instruction, stating: "I would – plaintiff would object to this in the – in that I don't believe that plaintiff's or defendant's basis for their – for what they have done, for their actions, necessarily requires that plaintiff's case be – or that plaintiff be denied relief. I think that what this does is it ties into the retaliation and looks at the intent. For that reason, we object."

however, challenge the propriety of the dismissal of their FMLA claims based on an entitlement theory. This court, therefore, will construe the Cookes' appellate arguments as a challenge to the district court's grant of C. Bean's Rule 50 motion. This court reviews the district court's decision to grant a Rule 50 motion for judgment as a matter of law *de novo*. *Tyler v. RE/MAX Mountain States, Inc.*, 232 F.3d 808, 812 (10th Cir. 2000).

Plaintiffs may pursue FMLA claims under two separate theories, the retaliation theory and the entitlement theory. *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 960 (10th Cir. 2002). Under the entitlement theory, a plaintiff may recover "[i]f an employer interferes with the FMLA-created right to medical leave or to reinstatement following the leave, . . . regardless of the employer's intent." *Id.* The Cookes asserted that C. Bean failed to reinstate them after taking medical leave. Their FMLA claims, therefore, are based on an entitlement theory. *See id.*

In dismissing their FMLA claims, the district court reasoned that the only proper grounds for a claim based on the entitlement theory was the denial of leave.[3] Refusal to reinstate an employee after taking medical leave is also

---

[3] At the hearing on C. Bean's Rule 50 motion, the district court questioned the Cookes' counsel as follows:

> THE COURT: So, I mean, what – where in that period of time were [the Cookes] denied Family Medical Leave?
>
> MR. HAMBY: Well, I guess it really wasn't leave. Again, it's the right to

grounds for a FMLA claim based on an entitlement theory. *Id*. (noting that the FMLA creates a substantive right to reinstatement following leave and holding that a plaintiff can recover for the deprivation of such a right under the entitlement theory). Therefore, the district court erred in granting C. Bean's Rule 50 motion for judgment as a matter of law.[4]

The Cookes also argue on appeal that C. Bean required Frank to submit to an additional medical exam prior to returning to work in violation of the FMLA. The Cookes, however, do not challenge the district court's grant of summary judgment in their briefs on appeal. Even if this court were to construe the Cookes' arguments on appeal as a challenge of the district court's grant of summary judgment, the Cookes' arguments fail. Under the DOT regulations,

---

return to work. So it's the flip side.
THE COURT: Let me go back to the same question. Do you have a claim or are you making a claim or arguing a Rule 50 motion or are you requesting that the Court grant your Rule 50 motion in regard to a claim for denial of Family Medical Leave?
MR. HAMBY: Okay. Are you talking about the time off? You are not talking about benefits under the Family Medical Leave Act? You are just talking about time off?
THE COURT: That's what the Family Medical Leave Act is, is time off to – for an illness or to take care of someone.
Further, in granting C. Bean's Rule 50 motion on the Cookes' FMLA claims based on an entitlement theory, the district court stated, "I'm granting the Rule 50 motion as it relates to 2615(A)(1), which is denial of medical leave, which comes under the strict liability standard."

[4] The Cookes do not challenge the propriety of the jury instructions with respect to their FMLA retaliation claims.

"[a]ny driver whose ability to perform his normal duties has been impaired by a physical or mental injury or disease" must be medically examined and certified prior to operating a commercial motor vehicle. 49 C.F.R. § 391.45. While, under the FMLA, a fitness-for-duty certification "need only be a simple statement of an employee's ability to return to work," employers may, in compliance with regulations issued by the DOT, impose more stringent requirements on certification of fitness. *See Porter v. United States Alumoweld Co., Inc.*, 125 F.3d 243, 247 (4th Cir. 1997) (holding that an employer does not violate the FMLA by requiring an employee to submit to an ADA-required fitness-for-duty exam). Therefore, C. Bean's enforcement of DOT regulations by requiring Frank to submit to a DOT physical examination before returning to work does not violate the FMLA, and the district court did not err in granting C. Bean summary judgment on this claim.

Accordingly, the district court's grant of C. Bean's Rule 50 motion as to the Cookes' entitlement claims is **reversed**. These claims are **remanded** for a new trial. Moreover, the district court's grant of summary judgment on the Cookes' claim pertaining to C. Bean's requirement that Frank submit to a physical

examination prior to returning to work is **affirmed**.  The Cookes' motion to proceed on appeal in forma pauperis is **granted**.


ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge