# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3558

_____

Richard D. Evans,       *
      *
         Appellant,       *
      *    Appeal from the United States
    v.       *    District Court for the
      *    Eastern District of Missouri.
Barnes-Jewish Hospital, a Missouri       *
not-for-profit corporation; Morrison       *    [UNPUBLISHED]
Management Specialists, Inc.,       *
      *
         Appellees.       *

_____

Submitted: December 20, 2005
Filed: December 27, 2005

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Richard D. Evans appeals the district court's[1] adverse grant of summary judgment in his action brought under the Family and Medical Leave Act (FMLA) and state law. Having carefully reviewed the record, we affirm. See Woods v. DaimlerChrysler Corp., 409 F.3d 984, 990 (8th Cir. 2005) (de novo standard of review.)

---

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

We agree with the district court that Evans failed to establish that defendants' proffered legitimate, nondiscriminatory reason for his termination from his cafeteria supervisory position--continued performance deficiencies--was pretextual. See Smith v. Diffee Ford-Lincoln-Mercury, Inc., 298 F.3d 955, 960-61 (10th Cir. 2002) (employee who requests FMLA leave has no greater protection against his employment being terminated for reasons unrelated to his FMLA request than he did before submitting request); Smith v. Allen Health Sys., Inc., 302 F.3d 827, 832-34 (8th Cir. 2002) (to show pretext, employee must present evidence that creates fact question as to whether proffered reason was pretextual and creates reasonable inference that employer acted in retaliation for exercise of FMLA rights). Notably Evans specifically challenged only one of the thirteen performance deficiencies cited at his termination. While Evans's supervisors discussed with him the proper use of FMLA leave and suggested that he consider alternatives for addressing his parents' medical needs, these discussions were prompted by Evans's use of FMLA leave to perform tasks which could have been done on his off-duty hours, such as picking up prescriptions, and by Evans's repeated last-minute notifications that he was taking an FMLA leave day. Cf. 29 C.F.R. § 825.117 (2005) (employees needing intermittent FMLA leave must attempt to schedule leave so as not to disrupt employer's operations).

As to the state-law claims, we agree with the district court that there was no evidence of extreme and outrageous conduct, or of conduct that defendants should have realized involved an unreasonable risk of causing medically significant emotional distress or mental injury. See St. Anthony's Med. Ctr. v. H.S.H., 974 S.W.2d 606, 611-12 (Mo. App. 1998) (elements of claims for intentional and negligent infliction of emotional distress). Finally, we note that ineffective assistance of counsel is not a basis for reversal. See Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988).

Accordingly, we affirm.  <u>See</u> 8th Cir. R. 47B.  We deny as moot Evans's five pending motions and appellees' motion to strike Evans's reply brief.

_____