BRIGHT, Circuit Judge,
concurring.
I am pleased to concur in the majority opinion with brief comments for the benefit of the district judge and the parties on further proceedings.
First, in my view, Brown’s supposed “discrimination” claim under the FMLA was not properly raised on appeal. Brown provided perfunctory arguments regarding a “discrimination” claim, but ultimately concluded her claim is properly construed as an “entitlement” and not a “discrimination” claim. (App. Br. 39, 43-44, 47). Therefore, I would affirm the district court’s dismissal of Brown’s discrimination claim without further discussion. See Rotskoff v. Cooley, 438 F.3d 852, 854-55 (8th Cir.2006) (holding a failure to develop an issue in the briefs is equivalent to an abandonment of the issue for failure to provide a reason for a contention).
Second, on remand, Brown’s “entitlement” claim is not governed by the McDonnell Douglas burden-shifting framework. See, e.g., Smith v. Diffee Ford-Lincoln-Mercury, Inc., 298 F.3d 955, 960 (10th Cir.2002) (quoting King v. Preferred Tech. Grp., 166 F.3d 887, 891 (7th Cir.1999)) (noting that when proving an “entitlement” claim “ ‘[t]he intent of the employer is immaterial’ ”). Instead, Brown is only required to show “she was entitled to the benefit denied”—here, res *912 toration following leave. See, e.g., Stallings v. Hussmann Corp., 447 F.3d 1041, 1050 (8th Cir.2006) (quoting Russell v. N. Broward Hosp., 346 F.3d 1335, 1340 (11th Cir.2003)). Here, when the facts are taken in the light most favorable to Brown, Brown has shown a strong prima facie case.
Third, during the majority’s analysis of Brown’s “discrimination” claim, the majority references an alleged discussion between Kostecky and Pirkl on January 9, 2012, asserting “[t]he undisputed summary judgment record shows that Kostecky and Pirkl were ‘contemplating the transfer before’ Brown requested FMLA leave.” (Maj. Op. at 905-06, 908 (citation omitted)).
To the extent facts regarding the alleged January 9, 2012 discussion are relevant to either Brown’s “entitlement” or “retaliation” claim, the testimony of both Kostecky and Pirkl is subject to credibility findings by the jury as acknowledged by the majority. (See id. at 910) (“Biown has also pointed to evidence that calls into question the credibility of Kostecky’s.testimony”); see also Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir.2011) (en banc) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)) (‘“Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.’ ”). In particular, the following evidence undermines the credibility of both Kostecky and Pirkl regarding the January 9, 2012 meeting:
1. Between January 9, 2012 and the date Brown informed Diversified she would need FMLA leave, Brown was never told she would be moved to a back-up position.
2. There is no written record that the January 9, 2012 meeting occurred, . which is uncommon for a company like Diversified.
3. It is unusual that Dodd (Brown’s “dotted-line” supervisor) and Jor-dahl (Brown’s replacement) were not notified of Jordahl’s promotion prior to Brown’s FMLA leave.
4. The evidence indicating Litzow was removed from the Talbots account calls into question all of Kostecky’s testimony regarding the demotion and firing of Brown.
5. Urban Outfitter’s accolades indicating Brown provided the “highest level of service” in her role as account executive undermines any indication that in January 2012 Brown was “underperforming” as an account executive.