F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**FEB 24 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DEBBIE TAYLOR,

      Plaintiff-Appellant,

v.

SMITH'S FOOD & DRUG CENTERS, INC.,

      Defendant-Appellee.

No. 04-4163
(D.C. No. 2:03-CV-124-BSJ)
(Utah)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Debbie Taylor filed an action against Smith's Food & Drug Centers, Inc.

(Smith's), alleging violations of the Family and Medical Leave Act of 1993

(FMLA), 29 U.S.C. § 2601. The district court granted Smith's motion for

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

summary judgment, concluding: (1) Ms. Taylor did not provide proper notice for leave under the FMLA and (2) Smith's met its burden of proving Ms. Taylor would have been dismissed regardless of her request for an FMLA leave because she failed to comply with Smith's absentee policy. We affirm.

Ms. Taylor worked as a cake decorator for Smith's. After taking a period of approved vacation time, Ms. Taylor failed to report back to work. She spoke with her immediate supervisor, Ms. Watts, and was permitted to take some additional days off, and was subsequently informed she needed to bring in a doctor's note excusing her absences. Aplt. App. 47-48, 68-69. Ms. Taylor made no further contact with her workplace for two weeks, *id.* at 49, in contravention with Smith's "no call/no show" policy, which dictates that employees will be deemed to have voluntarily resigned from their positions if they miss work for two consecutive work days without calling their department manager or supervisor. *Id.* at 63. As a result of Ms. Taylor's lack of compliance with the policy, Smith's initiated termination proceedings against her, effective the last day she had been excused from work. *Id.* at 85-86. On the same day that Ms. Taylor's termination received final approval from the company's human resource director, Ms. Taylor's daughter called Smith's to request FMLA forms on behalf of her mother. *Id.* at 49, 86. Ms. Taylor alleges, in part, that Smith's termination of her employment interfered with her right to medical leave under the FMLA.

As necessary, more specific facts will be discussed in connection with the issues.

Whether Smith's was entitled to summary judgment is a question of law we review *de novo*. *Croy v. Cobe Labs., Inc.*, 345 F.3d 1199, 1201 (10th Cir. 2003). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In applying this standard, "[a]ll inferences arising from the record before us must be drawn and indulged in favor of the [nonmovant]." *Stinnett v. Safeway, Inc.*, 337 F.3d 1213, 1216 (10th Cir. 2003) (internal quotations omitted).

"Credibility determinations [and] the weighing of the evidence . . . are jury functions, not those of a judge." *Id.* (citation omitted). Nevertheless, "the nonmovant must establish, at a minimum, 'an inference of the existence of each element essential to [her] case.'" *Croy*, 345 F.3d at 1201 (quoting *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994)). "Unsubstantiated allegations carry no probative weight in summary judgment proceedings." *Phillips v. Calhoun*, 956 F.2d 949, 950 n.3 (10th Cir. 1992). To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise. *See Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir. 1999); *Allen v. Muskogee*, 119 F.3d 837, 846 (10th Cir.

1997).

Ms. Taylor's substantive interference claim under the FMLA fails as a matter of law. If an employer interferes with an employee's FMLA-created right to a medical leave, it has violated the FMLA regardless of the employer's intent. *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 960 (10th Cir. 2002). But an employee may nevertheless "be dismissed, preventing her from exercising her statutory right to FMLA leave . . . if the dismissal would have occurred regardless of the employee's request for or taking of FMLA leave." *Id.* at 961.

It is clear that the FMLA does not apply to the facts of this case. In *Renaud v. Wyoming Dept. of Family Serv's*, 203 F.3d 723 (10th Cir. 2000), the plaintiff, who was on FMLA leave for treatment of alcoholism, was terminated for having been drunk while on duty. *Id.* at 732. The plaintiff sued under the FMLA, claiming the defendant-employer had interfered with his FMLA rights. In affirming judgment on a jury verdict in the defendant's favor, we held that an employee who requests or is on FMLA leave has "no greater protection against his or her employment being terminated for reasons not related to his or her FMLA request or leave than he or she did before submitting the request." *Id.* The court concluded that an employee may be terminated if the action would have been taken in the absence of the FMLA request or leave. *Id.*; *see also Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1261-62 (10th Cir. 1998) (affirming a

grant of summary judgment in favor of the defendant in an FMLA interference claim).

We recently held, in a case similar to the one before us, that a plaintiff who would have been dismissed for failure to comply with the employer's notification of absence policy regardless of her request for FMLA leave, could not prevail on an interference claim under the FMLA. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 878 (10th Cir. 2004) (plaintiff's request for an FMLA leave does not shelter her from the obligation, which is the same as that of any other employee, to comply with defendant's employment policies, including its absence policy). In *Bones*, it was uncontroverted that the plaintiff did not comply with her employer's absence policy on the dates for which she was terminated. *Id*. The plaintiff admitted she never notified her supervisor about her absences. *Id*. Accordingly, the plaintiff's interference claim failed because her employer successfully established that she would have been dismissed regardless of her request for an FMLA leave. *Id*. at 877. We held that a reason for dismissal unrelated to a "request for an FMLA leave will not support recovery under an interference theory." *Id*.

It is undisputed Ms. Taylor failed to comply with Smith's no call/no show policy. Ms. Taylor had worked for Smith's more than sixteen years. Aplt. App. at 139. She testified she had received a copy of the no call/no show policy

contained in the employee handbook and understood the policy. *Id*. at 40-41. Ms.

Taylor was scheduled to work on Monday, July 22, 2002. *Id*. at 68, 74. She did

not show up for work and her immediate supervisor, Ms. Watts, left her a message

on her home answering machine inquiring about her unexcused absence. *Id*. at

46, 68. On that same evening, Ms. Taylor phoned Ms. Watts and asked her for

the "rest of the week off." *Id*. at 47-48, 68-69. Ms. Watts gave her permission to

do so, but informed Ms. Taylor she would need to recontact Ms. Watts about

returning to work, and that she would need to bring in a doctor's note for her

additional missed days. *Id.* at 69. Ms. Watts subsequently scheduled Ms. Taylor

to work on July 28, 2002. *Id.*[1]

According to her deposition testimony, Ms. Taylor made no contact

whatsoever with Smith's for fourteen days (July 22 to August 5, 2002). *Id*. at 49.

Ms. Taylor's period of no communication with her employer included eight days

---

[1]On appeal, Ms. Taylor claims she was lead to believe that she had an "open-ended" leave of absence and was unaware that Ms. Watts had only approved her leave through July 28. However, Ms. Taylor conceded, on at least three separate occasions in her Opposition Motion to Summary Judgment, that she was only excused from work from July 22 though July 28, 2002. Aplt. App. at 94 ("Ms. Watts approved Ms. Taylor's time off through July 27th or 28th"); *id*. at 102 ("This request for time off would have covered the period through July 28, 2002"); *id*. at 104 ("Ms. Taylor should have been off work on an excused absence basis from July 22-28, 2002. That was the week she had requested . . . ."). Even in her appellate brief, Ms. Taylor admits "Ms. Watts approved Ms. Taylor's time off through July 27th or 28th," and "[a]t any time before August 5, 2002, Smith's could possibly have fired Ms. Taylor." Aplt. Br. at 28, 38.

between the time Ms. Taylor's approved leave ended on July 28, and when her daughter called the store director on August 5 to request FMLA forms. *Id.* On August 3, the store director initiated Ms. Taylor's termination because she had missed multiple shifts the week of July 28 through August 3 without notifying Smith's, in violation of the no call/no show policy. *Id.* at 85; Aplt. Br. at 13. Ms. Taylor's termination was approved by Smith's Corporate Human Resources Director on August 5, 2002, and was effective July 27, 2002, the last day Ms. Taylor was excused from work. Aplt. App. at 86.

Ms. Taylor argues that there is an issue of fact precluding summary judgment concerning whether her resignation, pursuant to her failure to comply with Smith's no call/no show policy, was effective before or after the August 5, 2002, communication from her daughter to Smith's requesting FMLA forms. We disagree. Ms. Taylor's request for FMLA leave on August 5, whether before or after her effective termination, does not exonerate her from multiple violations of the no call/no show policy, which established an immediate basis for her discharge. *Bones*, 366 F.3d at 878 (plaintiff's "request for an FMLA leave does not shelter her from the obligation, which is the same as any other . . . employee, to comply with [the employer's] . . . policies, including its absence policy"). Ms. Taylor concedes that "[a]t any time before August 5, 2002, Smith's could possibly have fired [her]." Aplt. Br. at 38. Smith's has demonstrated it would have

terminated Ms. Taylor regardless of her request for leave. Indeed, Smith's had already begun to process Ms. Taylor's termination two days prior to her request for the FMLA forms. *Renaud* and *Bones* make clear that even if an employee has an entitlement to FMLA leave, if an employer's decision to terminate an employee is unrelated to the FMLA request, there is no claim for interference. No reasonable juror could conclude from the above evidence that Ms. Taylor's termination was related to her request for an FMLA leave. The district court correctly granted summary judgment to Smith's on Ms. Taylor's FMLA claim.

The district court also determined Ms. Taylor failed to provide proper notice for leave under the FMLA. We need not address the notice issue here, however, because even if Ms. Taylor were to prevail on that issue, the grant of summary judgment to Smith's would still stand on the alternative ground that Ms. Taylor was terminated because she did not comply with her employer's absence policy. *See Bones*, 366 F.3d at 877-78 (where plaintiff cannot succeed as a matter of law on interference claim, court need not address question of notice).

For the reasons stated above, we **AFFIRM** the district court's grant of summary judgment to Smith's on Ms. Taylor's FLMA claim.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-8-