**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 20, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PATRICIA McGINNIS,

        Plaintiff-Appellant,

    v.

EMPLOYER HEALTH SERVICES, INC.,

        Defendant-Appellee.

No. 06-3238

(D.C. No. 05-CV-2219-JTM)

(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **GORSUCH**, Circuit Judges.

Plaintiff-Appellant Patricia McGinnis, a former customer service representative with Defendant-Appellee Employer Health Services, Inc. ("EHS"), filed an action under the Family and Medical Leave Act, 29 U.S.C. §§ 2601-54 ("FMLA") against EHS alleging interference with her FMLA-created rights in violation of 29 U.S.C. § 2615(a)(1). The district court granted summary judgment for EHS, and this appeal followed.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND[1]

In mid-April 2003, Plaintiff submitted a "Request for Time Off" form to her supervisor seeking leave on May 23, 2003, as well as for June 11, 2003 through June 25, 2003. Plaintiff did not indicate in the space provided on the form the nature of leave requested—*i.e.*, vacation, personal, or other—nor specify a reason for the requested time off. Plaintiff testified that she verbally informed her supervisor that the first two to three days of the June leave were necessary in order to attend her stepdaughter's cancer checkup at St. Jude Children's Research ("St. Jude") Hospital in Memphis, Tennessee. The supervisor approved just shy of three full days of leave, which represented the amount of Plaintiff's accrued paid time off. (Pl.'s App. at 144.) On April 22, 2003, Plaintiff emailed her supervisor that she had "decided at this time to put [her] vacation on hold."

EHS policy dictated that any "employee absent from work for two (2) consecutive days without notifying the department head, immediate supervisor, or Human Resources department will be considered to have voluntarily resigned without notice." (Pl.'s App. at 136.) In addition, full-time EHS employees accrued twenty vacation days per year. From May 2002 to May 2003, Plaintiff

---

[1] The district court set out in detail the underlying facts and procedural history of this case, an effort we need not repeat. We recite only the relevant facts, viewing the evidence and drawing reasonable inferences therefrom in the light most favorable to Plaintiff. *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1229 (10th Cir. 2004).

missed some thirty days of work, including three unauthorized absences from mid-April through early May. As a result, Plaintiff received a verbal warning from her supervisor. Plaintiff then renewed her vacation request via a typed note that stated her need to attend her stepdaughter's June 11-13 cancer checkup.

Plaintiff also suffered performance problems, including her repeated failure to turn in call reports, mandatory reports that help EHS management accurately track employee time. As a result, Plaintiff was twice reprimanded, as recorded on two "Corrective Counseling/Performance Improvement Plan" forms. The second reprimand required Plaintiff "to work daily from her office" starting on June 5 and to "check in and out." Plaintiff then missed two mandatory meetings with her supervisor on June 9 and June 10. The supervisor informed Plaintiff via email and voicemail that missing those meetings would be interpreted as abandonment of her employment. Plaintiff stated that she was unable to attend either meeting because, despite her in-office restriction, she had to meet clients off-site.

EHS formally terminated Plaintiff's employment effective immediately via letter dated June 11, 2003. Plaintiff left for St. Jude's Children's Hospital on the afternoon of June 11, and on June 13 continued on to Florida for a twelve-day family vacation.

## ANALYSIS

The district court granted summary judgment for EHS after determining

that Plaintiff's notice to EHS of her need for FMLA leave was insufficient. The district court also determined that, even assuming notice were sufficient, Plaintiff had failed to establish her prima case for interference. "We review the grant of summary judgment de novo, and affirm only if the record, considered in the light most favorable to the plaintiff, establishes no genuine issue of material fact." *Jones v. Denver Pub. Sch.*, 427 F.3d 1315, 1318 (10th Cir. 2005) (citations omitted).

To prevail on an interference theory, a plaintiff must establish that: (1) she was entitled to FMLA leave; (2) some adverse action by her employer interfered with her right to take FMLA leave; and (3) the employer's action was related to the exercise or attempted exercise of her FMLA rights. *See Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1180 (10th Cir. 2006). Because we do not believe that Plaintiff can establish the necessary causal connection between her termination and her request for FMLA leave as required by the third prong, even assuming, *arguendo*, that her request provided EHS with sufficient notice, that she was entitled to FMLA leave, and that EHS interfered with her leave, we affirm the district court's grant of summary judgment on that ground.

The record clearly establishes that Plaintiff was terminated for her history of repeated unauthorized absenteeism as well as her obstinate refusal to adhere to her supervisor's requests to turn in essential paperwork or attend mandatory meetings. Plaintiff blatantly disregarded her supervisor's warnings of impending

termination when she failed to attend either scheduled meeting. Plaintiff's excuse—that she needed to attend off-site client meetings—was in direct contravention of the standing order in her remedial action plan that she not leave the office during the workday. *See Bones v. Honeywell, Int'l, Inc.*, 366 F.3d 869, 878 (10th Cir. 2004) (noting that plaintiff's "request for an FMLA leave does not shelter her from the obligation, which is the same as that of any other . . . employee, to comply with . . . employment policies"); *see also Taylor v. Smith's Food & Drug Ctrs., Inc.*, 127 Fed. App'x 394, 397 (10th Cir. 2005) (citing *Bones* for proposition that plaintiff's "request for FMLA leave . . ., whether before or after her effective termination, does not exonerate her from multiple violations of the no call/no show policy, which established an immediate basis for her discharge"). Moreover, we observe that in the midst of this series of reprimands and failures to comply, EHS approved nearly three days of leave, which was more than enough to cover Plaintiff's claimed FMLA absence from the afternoon of Wednesday, June 11 through Friday, June 13.

For the foregoing reasons, we **AFFIRM** the district court's grant of summary judgment for failure to establish that EHS's action was related to Plaintiff's claimed FMLA rights.

Entered for the Court

Monroe G. McKay
Circuit Judge

-5-