57 F.3d 1070
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Linda R. SWOOPES, Plaintiff-Appellant,
v.
Ed MAYHUE, Director, Defendant-Appellee.
 No. 94-5703.
 United States Court of Appeals, Sixth Circuit.
 May 31, 1995.
 
 Before KRUPANSKY, MILBURN and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Linda R. Swoopes, a Tennessee resident, appeals pro se a district court order denying her motion for reconsideration of an order assessing sanctions against her for failing to attend a deposition, pursuant to Fed.R.Civ.P. 37. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The underlying complaint in this action alleged that the Shelby County, Tennessee, Head Start Program had failed to hire Swoopes due to race and sex discrimination in violation of her civil rights under 42 U.S.C. Sec. 1983. Other claims and other defendants set forth in the complaint were dismissed by the district court. The remaining defendant then attempted to conduct discovery. After Swoopes failed to appear for three scheduled depositions, defendant moved for dismissal under Fed.R.Civ.P. 37. The district court denied the motion and granted Swoopes one more chance to cooperate. Swoopes then appeared for one day of a scheduled deposition, but did not return when the deposition was scheduled to reconvene two days later. Defendant then moved for a continuance of the trial and dispositive motion date, and for its attorney fees for drafting the motion, in the amount of $67.50. The district court granted this motion. Swoopes filed a motion for reconsideration of this order, which the district court denied. In the meantime, defendant moved for and was granted summary judgment on the merits. Swoopes then filed a notice of appeal, specifying that she was appealing from the order denying her motion for reconsideration of the order assessing sanctions against her. In her appellate brief, however, Swoopes has raised a number of other issues, challenging both the summary judgment for defendant and a variety of prior rulings by the court.
 
 
 3
 Upon review, we conclude that the district court did not abuse its discretion in denying the motion for reconsideration or in assessing sanctions for failure to appear at the reconvened deposition. See Taylor v. Medtronics, Inc., 861 F.2d 980, 986 (6th Cir.1988). The district court employed a measured use of sanctions in no way out of proportion to the misconduct of Swoopes, after having already denied a motion to dismiss the case for previous related misconduct. See id.
 
 
 4
 Because Swoopes specified in her notice of appeal that it was from this determination by the district court that she was appealing, we decline to address the additional issues raised in her brief. See Wilson v. Firestone Tire & Rubber Co., 932 F.2d 510, 516 (6th Cir.1991); see also FirsTier Mortg. Co. v. Investors Mortg. Ins. Co., 498 U.S. 269, 276 (1991) (concluding that a notice of appeal from an interlocutory decision on discovery or sanctions generally cannot serve as an appeal from the final judgment).
 
 
 5
 Accordingly, the order of the district court under appeal is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.