**NOT RECOMMENDED FOR PUBLICATION**
File Name: 13a0097n.06

**Nos. 11-1508, 11-1690**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
***Jan 29, 2013***
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| JONATHAN BELL, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| PREFIX, INCORPORATED, | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| Defendant-Appellee. | ) | |
| | ) | |

Before:  SILER and MOORE, Circuit Judges; VAN TATENHOVE, District Judge.[*]

**SILER**, Circuit Judge.  Following a favorable jury verdict in his Family and Medical Leave Act (FMLA) case against defendant Prefix, Incorporated, plaintiff Jonathan Bell appeals the district court's partial grant and partial denial of his request for attorneys' fees and motion for costs and expenses.  Additionally, Bell appeals the district court's denial of his motion for sanctions and seeks a remand for determination of "fees for fees" based on his efforts to secure the correct attorneys' fees, costs, and expenses.  For the following reasons, we **AFFIRM** the district court's judgment.

**I.**

In 2005, Bell filed the instant action against Prefix, alleging violations of the FMLA as well as retaliation and wrongful discharge under state law.  Prefix filed a motion to dismiss under Rule

---

[*] The Honorable Gregory F. Van Tatenhove, United States District Judge for the Eastern District of Kentucky, sitting by designation.

12(b)(6) or, in the alternative, for summary judgment. The motion was denied. Then Prefix moved for summary judgment and the district court granted Prefix's motion. On appeal, we reversed.

On remand, Prefix moved again for summary judgment, this time challenging Bell's state-law claims. Bell moved for default judgment as to liability based on Prefix's failure to answer the complaint. The district court denied this motion and allowed Prefix to file its answer with affirmative defenses. Later, the district court granted the defendant's motion for summary judgment as to Count III of the complaint and damages for emotional distress.

Bell then filed a motion to strike defendant's affirmative defenses with prejudice and to impose sanctions for frivolous and vexatious pleading. Prefix agreed to withdraw two of its affirmative defenses in response. The district court determined that sanctions were not warranted and refused to strike any of the remaining affirmative defenses.

In 2009, at trial, the jury returned a verdict in favor of Bell and awarded him $14,563.00 in damages. The next month, Bell moved under Rule 54(d) and 29 U.S.C. § 2617(a)(3) for attorneys' fees and costs in the amount of $512,953.43. Bell requested, in the alternative, that the court grant his motion for sanctions pursuant to Rule 11 or section 1927, seeking a reconsideration of the court's earlier ruling. The district court partially granted and partially denied the motion and ordered Bell to tender documentation of his reasonable costs. As to attorneys' fees, the court awarded $101,600 for 508 hours of work at $200 per hour to Bell's counsel. However, the district court found Bell's original requests for costs to be improper and ordered him to prepare a revised bill consistent with *King v. Gowdy*, 268 F. App'x 389 (6th Cir. 2008), and 28 U.S.C. § 1920. The court again denied Bell's request for sanctions.

Bell tendered a bill of costs for $30,060.68. Prefix objected to the request and asked the court to reduce the total bill of costs to $1,170. The district court partially granted and partially denied Bell's request, ultimately awarding $3,171.52.

**II.**

We review a district court's award of attorney fees under the abuse-of-discretion standard. *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). We review associated factual findings under the clear-error standard. *Armisted v. State Farm Mut. Auto. Ins. Co.*, 675 F.3d 989, 998 (6th Cir. 2012). Bell argues that the court failed to apply the correct standard as set forth in *Perdue v. Kenny A.,* 130 S. Ct. 1662 (2010); violated the Due Process Clause by reducing the attorneys' fees by 80% without a hearing; and made and relied on clearly erroneous findings of fact by contradicting uncontroverted affidavits.

**A.**

As to the standard, the district court did not abuse its discretion. Bell contends that the Supreme Court's *Perdue* decision specifically rejected any application of a test set out in *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). Indeed, in holding that the lodestar amount properly accounts for exceptional attorney performance in most circumstances, the Supreme Court observed that the *Johnson* test provided limited guidance to district courts and could lead to arbitrary results. However, before applying the twelve-factor *Johnson* test in this circuit, we evaluate attorneys' fees by calculating the lodestar amount – "multiplying the reasonable number of hours billed by a reasonable billing rate." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). Then, the court may adjust the lodestar amount based on the twelve factors of the *Johnson* test. *Id.* The

Supreme Court made no comment about such supplemental reliance on the *Johnson* test and instead simply emphasized that the lodestar amount constitutes the best available mechanism for calculating attorneys' fees.

In the instant action, the district court repeatedly emphasized the lodestar amount by focusing its calculations on ascertaining a reasonable fee and a reasonable number of hours billed. It thus evaluated attorneys' fees in accordance with Sixth Circuit precedent not contradicted by *Perdue*. Therefore, we find no abuse of discretion.

**B.**

Bell asserts a property interest in a more robust awarding of attorneys' fees and contends no individual can be deprived of such an interest without a hearing under the Due Process Clause. Both legally and factually, Bell's argument lacks merit.

Legally, as the Supreme Court has observed, "[a] request for attorney's fees should not result in a second major litigation." *Hensley v. Eckhart*, 461 U.S. 424, 437 (1983). Bell relies on *Mathews v. Eldridge*, 424 U.S. 319 (1979)*,* and courts have cited *Mathews* beyond its disability benefits focus, including in the context of attorneys' fees, to delineate when "some form of hearing" may be required. *See, e.g.*, *Rein v. Socialist People's Libyan Arab Jamahiriya*, 568 F.3d 345, 354-55 (2d Cir. 2009) (addressing disposition of contractually negotiated attorneys' fees); *In re Hancock*, 192 F.3d 1083, 1085-86 (7th Cir. 1999) (evaluating allegations of lack of notice and opportunity for hearing). However, those courts did not require an evidentiary hearing. *See Rein*, 568 F.3d at 354; *In re Hancock*, 192 F.3d at 1086. Ultimately, parties must have had notice of opposing arguments and an opportunity to present their side of the story, not necessarily an evidentiary hearing. *Angelico*

*v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 279 (3d Cir. 1999); *G.J.B. & Associates v. Singleton*, 913 F.2d 824, 830 (10th Cir. 1990); *Alizadeh v. Safeway Stores, Inc.*, 910 F.2d 234, 236 (5th Cir. 1990).

Factually, Bell's argument also fails. He made the request for attorneys' fees, and after a response by Prefix, he had a full and fair opportunity to reply. Moreover, Bell sought to prompt the district court to rule on the request based solely on the briefing already completed.

## C.

Finally, the district court did not abuse its discretion by making and relying on clearly erroneous findings of fact. Bell specifically contends that the court should not have relied on a 2007 State Bar of Michigan survey to define the "reasonable rate" of compensation. Additionally, Bell asserts that the district court clearly erred by finding the antagonism and protracted litigation in the case to be the fault of both parties, not just Prefix.

Bell argues that the delay in receipt of attorneys' fees should have resulted in a more substantial award based on a different "reasonable rate." However, the district court found that Bell's attorneys lost at least some of their business by devoting time and attention to the case and incorporated that finding appropriately into its calculus. Bell additionally contends that Prefix should have settled the case promptly after his filing of the complaint, instead of mounting any defense. We find this rather unusual argument to lack merit, where both parties aggressively litigated their positions.

Bell further contends that the district court clearly erred by finding that both parties bore responsibility for the antagonistic and protracted nature of the litigation. However, the record establishes that Bell advocated antagonistically and that, contrary to his assertions, such antagonism

was not always linked to inappropriate actions by Prefix or requirements of the district court. The district court did not clearly err in finding both parties responsible for the antagonism and resulting protracted litigation.

## III.

Bell appeals from the district court's order finding that he raised no new arguments for the imposition of sanctions and denying to impose any. We review the denial of such a motion under the abuse-of-discretion standard. *See Gonzales v. Texaco, Inc.*, 344 F. App'x 304, 306 (9th Cir. 2009); *Brubaker Kitchens, Inc. v. Brown*, 280 F. App'x 174, 184 (3d Cir. 2008); *Swoopes v. Mayhue*, 57 F.3d 1070, at *1 (6th Cir. 1995) (table). Bell simply contends that Prefix's post-remand conduct in the case has not been objectively reasonable, including pleading improperly grounded defenses. Because Bell made the same arguments previously, asserting Prefix's defenses to be improper, the motion for reconsideration offered no new basis for imposing sanctions against Prefix. The district court properly came to this conclusion.

## IV.

Bell argues that the district court abused its discretion by failing to apply the correct standard to award reasonable out-of-pocket expenses allowable under the FMLA. He asserts that costs and expenses available to the prevailing party in an FMLA action should not be limited by Rule 54(d) or 28 U.S.C. § 1920 and seeks a remand for a proper determination of his costs and expenses under the correct standard.

We review denial of costs and expenses under the abuse-of-discretion standard. *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 836 (6th Cir. 2005). A district court acts within its

discretion in denying "the shifting of costs when the prevailing party's expenditures are unreasonably large, when the prevailing party prolonged the litigation or injected unmeritorious issues, in cases that are close and difficult, and where 'the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant.'" *Id.* (quoting *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986) (internal quotation marks omitted)).  However, the FMLA provides that "[t]he court shall, in addition to any judgment awarded to the plaintiff, allow . . . other costs of the action to be paid by the defendant."  29 U.S.C. § 2617(a)(3).

Neither the Supreme Court nor circuit courts have addressed whether Rule 54(d) and section 1920 limit the FMLA's "other costs" language, but district courts have consistently applied the rule and statute in making cost awards to prevailing parties in FMLA cases.  *See, e.g.*, *Lenon v. Starbucks Corp.*, No. 3:11-CV-1085-BR, 2012 WL 1377042, at *2, 7 (D. Or. Apr. 19, 2012) (slip copy); *Garcia v. Renaissance Global Logistics, LLC*, No. 10-13122, 2012 WL 1130543, at *5 (E.D. Mich. Apr. 4, 2012) (slip copy); *DuChateau v. Camp Dresser & McKee, Inc.*, No. 10-60712-CIV, 2012 WL 1069166, at *1-3 (S.D. Fla. Mar. 29, 2012) (slip copy).  None of the three cases cited by Bell suggests a different result under the FMLA "other costs" statutory language and the facts of the instant case. *See Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 969 (10th Cir. 2002); *Herold v. Hajoca Corp.*, 864 F.2d 317, 323 (4th Cir. 1988); *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987). In point of fact, only one of the three cases relied on by Bell even involves an FMLA claim.

In *Smith*, upon which Bell heavily relies, the Tenth Circuit addressed an argument that the FMLA's "other costs" language should be considered analogous to the costs provision of the Fair

Labor Standards Act (FLSA). *Smith*, 298 F.3d at 968-69. Specifically, Smith contended that FMLA costs may extend beyond the proscriptions of Rule 54(d) and section 1920, but the defendant argued the costs sought to be merely overhead expenses typically absorbed by law firms and thus not reimbursable. *Id.* That court never reached the ultimate issue of statutory interpretation because Smith failed to detail the out-of-pocket expenses at issue in any way, much less as separate from the usual overhead expenses absorbed by law firms. *Id.* at 969. Instead, the court held that, upon general remand for recalculation of attorneys' fees and costs, the district court should again deny the sought out-of-pocket expenses. *Id.* The instant case reflects the same conceptual problems, so *Smith* counsels affirming the district court's judgment, rather than reversing. Here, Prefix contended that Bell's "other costs" mostly constituted typical overhead expenses and should be denied. The district court agreed, finding the reimbursable costs to be those permitted under section 1920, and ordered Bell to submit a revised bill of costs. Reviewing the revised submission, the district court discovered that Bell failed to revise most of the costs requests as directed, but the court still granted some of the overall costs sought. Such a decision is consistent with *Smith*.

## V.

Finally, Bell seeks a remand for determination of post-trial attorneys' fees, costs, and expenses, including litigation of post-judgment motions before the district court and the instant appeals. He argues that the fees, costs, and expenses should be awarded as under a "fees for fees" logic. However, the record reflects no "fees for fees" request by Bell before the district court. Without a decision from the district court, we have no jurisdiction to evaluate any part of the "fees for fees" request associated with trial-court advocacy. *See* 28 U.S.C. § 1291. Additionally, because

we affirm the district court in all respects, Federal Rule of Appellate Procedure 39 presupposes no

award of costs to Bell. *See* Fed. R. App. P. 39(a)(1).

**AFFIRMED**.

**KAREN NELSON MOORE, Circuit Judge, dissenting.** Although district courts have discretion in calculating fee awards, this discretion is not absolute. *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000). "Among other things, the district court 'must provide a clear and concise explanation of its reasons for the fee award.'" *Id.* (quoting *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995)). As to both the hours and the rate that the district court used its calculation, the attorney fee award in this case was unreasonable.

In selecting an hourly rate based on 2007 figures, the district court failed to consider the fact that this litigation lasted until 2009. As we have held, "the district court has the discretion to choose either current or historical rates so long as it explains how the decision comports with the ultimate goals of awarding reasonable fees." *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 617 (6th Cir. 2007). The district court gave no such explanation in this case. The district court assumed that Bell's counsel had to turn down other business opportunities due to the length of Bell's case, but this passing observation was part of the opinion's analysis of whether to enhance or reduce the ultimate lodestar amount, not what hourly rate to apply. Moreover, opportunity costs are not the only consideration in selecting a reasonable rate in instances of delayed payment; the time value of money, for example, is also a factor.

The district court cut counsel's requested hours from 1618 hours to 508 hours, a reduction of approximately seventy percent. Although a district court can make properly supported across-the-board reductions in the number of hours in the requested fee award, Prefix has not identified, and I have not found, any case in which the reduction was as high as the seventy-percent cut in this case. Because the district court identified some troubling entries and practices in the fee request, a

- 10 -

reduction of some degree was not an abuse of discretion. Such a drastic cut necessitates a more thorough and specific explanation, however.

The district court relied heavily on a comparison with the unrelated case of *Barrett v. Detroit Heading, LLC*, No. 05-72341, 2007 WL 1655434 (E.D. Mich. June 7, 2007), *aff'd on other grounds*, 311 F. App'x 779 (6th Cir. 2009); No. 05-72341, 2009 WL 3465366 (E.D. Mich. Oct. 23, 2009), to determine an appropriate number of hours in this case. We never reviewed, let alone approved, the fee award in *Barrett*. Although the district court identified some similarities and some differences between *Barrett* and this case, it did not address other relevant points of comparison. The district court did not state, for example, whether the motions practice in *Barrett* was as extensive as in this case.[1] Although we have held that the hourly rates used to calculate fee awards in prior cases can sometimes be relevant, *B & G Mining, Inc. v. Dir., Office of Workers' Comp. Programs*, 522 F.3d 657, 664 (6th Cir. 2008), neither the district court nor Prefix cited any authority for the proposition that a "reasonable hours" determination from a prior case should inform the award in a subsequent case. Moreover, having a district court rely on the fees that it awarded in one previous case in calculating other awards in other cases could lead to a self-perpetuating cycle in which any requested

---

[1]On a related point, the district court found that the extended scope of this litigation was attributable to both parties, but did not make any comparison of the number of hours worked by counsel for each side when determining how many of Bell's counsel's hours were reasonable. Counsel for Prefix sought approximately $56,500 in attorney fees for the pre-appeal period in this case; for the same period, Bell's counsel sought approximately $68,500. A fee award need not exactly parallel the amount charged by opposing counsel, but that amount is not irrelevant. Moreover, the fact that Bell's counsel may have expended some time filing and arguing unnecessary motions does not mean that they should not be compensated for time spent responding to equally unnecessary motions filed by Prefix.

amount that is greater than the previous award is rejected as unreasonable. The district court must instead evaluate the circumstances of the particular case before it.

Finally, the district court did not explain why it refused to award costs for the expert fees of Robert Zimmerman. The FMLA expressly provides for recovery of "reasonable expert witness fees," 29 U.S.C. § 2617(a)(3). The fact that the district court denied Prefix's motion in limine to exclude Zimmerman's testimony suggests that fees incurred in procuring that testimony were reasonable, and thus taxable. Because the district court did not identify any reason that such costs were unreasonable, the court should have included them in the cost award.