**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 4, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

R. DANE SHARP, individually and on behalf of all similarly situated employees; ALEJANDRO ESPINOZA; MARIANO ESPINOZA, JR.; CORDIUS HICKMON; GABRIEL J. GALVAN; SEYDINA SYLLA; JORDAN PHOTBAUPHA; JUAN R. ROMERO; TODD M. DELANCEY; WILLIAM SIMON SEWANDO; DIANE K. STERK; COREY D. SANDERS; EULOGIO SOLANO MARTINEZ; BARRY COLLINS, JR.; ELIAS DAVILA; EDGAR TREBOTICH; JOHN WASHAM; ALEJANDRO MONCADA; RODOLFO RAMIREZ; GARY WYATT; DERON SCOTT; EMILIO RUBIO; RALPH WILSON; JOHNATHON NUNNERY; DEXTER THOMPSON; WILLIAM WILSON; JERRY ANDERSON; DIETRICH JACKSON; GERMAINE WILSON; LANDRIX JACKSON; GILBERTO BONILLA; SANTIAGO BONILLA; RICHARD FARR; TIMOTHY GARCIA; JESUS RODRIQUEZ; JUAN ESTRADA; AMBROCIO ROSALES; SEFERINO SALDANA; RAMON MORENO; ANTONIO MORA-ARMAGA; JEREMIAH HART; DONNELL HARRIS; JORGE CAMPOS; TAYLOR ELLIS; ALFONSO CARDOZA, JR.; JOE L. RUFFIN; RATHEAL BATEASTE; JOSE A. MARTINEZ; DONALD GUIDRY; OLJUWAN TOBIAS; KOUA XIONG; HELIO S. RODRIQUEZ; CARLOS TORRES; JOSEPH TILDEN; JUAN M. URBINAF; ISMAEL MENDOZA, JR.;

No. 15-5113

OCTAVIO MENDOZA; JEFFREY DOUGLAS; LEONARD JOHNSON; ALEJANDRO MONCADA; TODD TOUCHET; DANIEL WETHERBY; SANTIAGO CANALES; LARRY WILSON; ROBERT L. JEFFERSON, JR.; OSCAR WILLIAMS; TERRY WHITE; JIREH L. MONROE, SR.; JUAN CARRILLO; DONNTEL DION BAILEY; JUAN HERNANDEZ; WAYNE BURNS; JEREMY FRAZIER; KEVIN RESENDEZ; GREGORY PENATZER; NORBERTO HERNANDEZ; DARYL SMITH; JAMES WALKER; MATEOS GARCIA; DARRICK WEATHERSBY; JARED LEGGETT; CALEB WEATHERSPOON; CHARLIE LEE, JR.; MARCUS PRICE; DAMION WALKER; LEBRODERICK JONES, SR.; ROLANDO BATES; SHON M. PHILLIPS; SHAWN BROWN; ERIC L. BURROUGHS; JOSE CARDENAS; PABLO CAVALLERO; TRAMAINE CHAPMAN; FRANCISCO DIAZ; PAUL DUTCHOVER; MARTIN GARZA; JOSE G. GOMEZ; JOHN L. GRANGER; LEKEITH HANDY, SR.; ROBERT HOAGLIN; MICHAEL HOLMES; KALUNA KOVIN; DARIUS LEBLANC; DARYL MCCRAY; DENNIS R. MILLS; J. MARK MORGAN; JOSE ALBERTO NAVAEZ; DAVID PEREZ; ARTURO RAMIREZ; ARDELL ROBINSON, JR.; ARTURO SAENZ, JR.; KHAMMALA SY; RAYMOND A. THIELE; ROBERT VAN DEN BRINK; SOUTHEP VONGKHAMCHAN; DAOKHAM XAYSY; BASSIROU M. BAYE; JALANTE M. BROWN; NOBLE CAMPBELL; PAO X CHANG; ANDRES B. CORTEZ; CHRISTOPHER DEMARTIN; SHAWN DICKERSON; EDDIE GONZALEZ; LUIS R. GARCIA;

2

ERIC HAND; KUNTA HICKMON; GEORGE HUNT; RODERICK JEFFERSON; TONY JENKINS; CHARLES JOHNSON; SOUKHY KEOMANIVONG; PHRA MANIDONE; NIKITA MINOR; JORGE L. NARVAEZ; PHETSOMONE NAVONGSA; PHO NGEUNE; RICKY V. NORRIS, JR.; ARTHUR L. NUNNERY; DERRICK POPE; JESUS S. RODRIGUEZ; JOHN RODRIGUEZ; ROBERT A. SMITH; GEORGE STINSON; NICK STINSON; SOULIVANH SYLAPHET; MARQUS TURNER; BRUCE WILLIAMS; EDWARD D. BAITY; EDGAR CERDA; MONTREAL CHAPMAN; RUSSELL CHAPMAN; JOSEF DEBLANC; DESMOND DENNIS; JORGE FRANCO; BRYAN GODINEZ; EDSON GONZALEZ; VICTOR GUTIERREZ; TRAVIS GREGORY HAMMONDS; ROGELIO HERNANDEZ; SHAWN L. JACKSON; TYRONE D. JACKSON; ALAN ROY JOHNSON, SR.; SERGIO JUAREZ; KONGVIENG KHAMMALA; LESLIE R. LIPPERT; CHRISTOPHER A MARTIN; CERGIO MARTINEZ; JAIME MARTINEZ; ARTHUR MENDOZA; JUSTIN MERILLAT; JOHN NICKERSON, JR.; MANUEL ORTIZ; BRANDON S. PARRISH; DAMIAN SMITH; BOUBACAR MBERRY SYLLA; CARL TOTI; JULIO VELASQUEZ; EDDIE LEE WHITE, JR.; JOSEH DEBLANC; BRYAN GODINEZ; CESAR O. CANIZALES; EMILIO DELACRUZ; DAVID DELLAR; ELEAZOR GUTIERREZ; DIONDRICK HURST; BARTHELEMY KASSI; JIM KEOMORAKOTH; ARMANDO LOYA; MARY OLZWESKI; TEVIN L. PITTINGER; MARA PRIESTELY; BOUNLEUTH RASAVONGSY;

3

FRANCISCO JAVIER RIOS-FAVELA; PAPA ROBINSON; JOSEPH RYALS; CHRISTOPHER SMITH; ANTHONY WEEKS; ROBERT BYERS; SEAN ALLISON; JOSE LAZARO YANES; ALAN ROY JOHNSON, SR.; OCTAVIO ESPARZA ALVAREZ; RODERRICK BROWN; RONALD O. BATES; JASON T. ENGLE; HARRY L. MCGHEE, JR.; FREDDIE L. RUFFIN; JESUS E. OJEDA, JR.; FRED E. TRUEBLOOD; JOSE F. SCOTT; URSULA SPRING WEEKLY, as executor for son Jordan Kyle Gatte; FRANCISCO CONTRERAS HERNANDEZ; BERMARDO ZACARIAS; JUAN M. ESPARAZA; JULIO C. FERRUFINO; FREDERICK M. FELTON; EDUARDO A. PEREZ, JR.; JAMES LORELL DOWNS; JOE LEWIS MARS; LUIS BENETIZ, SR.; CHAD A. KNIEPER; DERECK J. SMITH; JOSE ANGEL GUEVERA-GOMEZ; SENGKHAM MANIVONG; JAIME MEDINA; OMERO GARCIA, JR.; OMAR AGUIRRE; SITTHISAK MEUANGKHOT,

Plaintiffs - Appellants,

v.

CGG LAND (U.S.) INC.,

Defendant - Appellee.

_____

**Appeal from the United States District Court for the Northern District of Oklahoma (D.C. No. 4:14-CV-00614-CVE-TLW)**

_____

4

J. Vince Hightower, Law Offices of J. Vince Hightower, Tusla, Oklahoma, for Plaintiffs-Appellants.

Laurence E. Stuart, Stuart PC, Houston, Texas (Hollie Leanne Reiminger, Stuart PC, Houston, Texas, with him on the brief), for Defendant-Appellee.

_____

Before **KELLY**, **PHILLIPS**, and **MORITZ**, Circuit Judges.

_____

**PHILLIPS**, Circuit Judge.

_____

CGG Land (U.S.) Inc.'s employees (Employees) brought this collective action alleging violations of the Fair Labor Standards Act (FLSA). The FLSA generally requires employers to compensate overtime hours at one and one-half times the employee's "regular rate" of pay. *See* 29 U.S.C. § 207(a)(1) (2012). Employees claim that CGG violated the FLSA by not including in their regular rates reimbursement payments for $35 of daily meal expenses while working away from home. Thus, Employees claim that CGG undervalued their pay in calculating their overtime compensation. We hold that 29 U.S.C. § 207(e)(2) exempts such payments from the regular rate as travel expenses incurred in furtherance of the employer's interest. We affirm the district court's grant of summary judgment in favor of CGG.

## BACKGROUND

The Parties stipulated to the following undisputed facts. Employees are former hourly employees of CGG. CGG provides seismic-mapping services at remote locations throughout the United States. To reach the remote locations, CGG required its employees to travel away from home and stay in hotels near remote job sites for

5

four-to-eight-week intervals. Employees then returned home for about two-to-four-week intervals before again traveling to remote locations.

Employees often worked more than forty hours per week while at the remote locations, and CGG paid them overtime based on Employees' regular rates of pay. When CGG's employees worked away from home, CGG also provided them a $35 per diem for meals, including on days spent traveling to and from the remote job locations. In the district court, the Parties stipulated that $35 "was a reasonable amount for meal expenses incurred by the Plaintiffs while living and working on CGG Land business at work locations away from their home locations." Appellant's App. vol. I at 64. CGG didn't pay the $35 when employees worked from their home locations or when food was provided at the remote locations.

In determining Employees' regular rates of pay, CGG didn't include the daily $35 payments. Contesting this calculation method, Employees filed a collective action against CGG asserting that CGG violated the FLSA by calculating their overtime pay on undervalued regular rates of pay. After stipulating to material facts in the district court, the Parties each sought summary judgment. The district court granted summary judgment for CGG, agreeing with CGG that the $35 payments were exempt from the regular rates of pay under 29 U.S.C. § 207(e)(2).

On appeal, Employees argue that the district court erred in treating the $35 payments as exempt travel expenses under § 207(e)(2). First, Employees claim that travel expenses are not exempt for days when they traveled to or from remote job sites because they didn't do any work for CGG on those days. And second,

6

Employees claim that the $35 payments remained not exempt for all days they worked at the remote job site because for those days they were no longer traveling over the road. In addition, Employees claim that CGG has waived all defenses except its claim that the $35 payments are exempt under § 207(e)(2).[1]

## STANDARD OF REVIEW

"We review the district court's summary judgment decision de novo, applying the same standard as the district court." *McBride v. Peak Wellness Ctr., Inc.*, 688 F.3d 698, 703 (10th Cir. 2012) (internal quotation marks omitted). Under this standard, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, the Parties stipulated to the material facts in the district court, so the sole issue is whether those facts justify granting CGG summary judgment.

## DISCUSSION

"The purpose of FLSA overtime is 'to compensate those who labored in excess of the statutory maximum number of hours for the wear and tear of extra work and to spread employment through inducing employers to shorten hours because of the pressure of extra cost.'" *Chavez v. City of Albuquerque*, 630 F.3d 1300, 1304 (10th Cir. 2011) (quoting *Bay Ridge Operating Co. v. Aaron,* 334 U.S. 446, 460 (1948)).

---

[1] Because we affirm the district court's grant of summary judgment in favor of CGG, Employees' argument that CGG waived its other affirmative defenses is moot and we refrain from addressing that argument.

7

An employer must compensate overtime hours "at a rate not less than one and one-half times the regular rate at which [the employee] is employed." 29 U.S.C. § 207(a)(1). "'The proper determination of that [regular] rate is therefore of prime importance' in calculating the amount of overtime wages due." *Albers v. Bd. of Cty. Comm'rs of Jefferson Cty., Colo.*, 771 F.3d 697, 704–05 (10th Cir. 2014) (quoting *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424 (1945)).

The first step in resolving this FLSA dispute is to determine Employees' regular rates. *Chavez*, 630 F.3d at 1304. The regular rate "shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee," subject to eight exceptions. 29 U.S.C. § 207(e). One exception exempts "reasonable payments for traveling expenses, or other expenses, incurred by an employee in the furtherance of his employer's interests and properly reimbursable by the employer; and other similar payments to an employee which are not made as compensation for his hours of employment." *Id.* § 207(e)(2). This exception applies "[w]here an employee incurs expenses on his employer's behalf or where he is required to expend sums solely by reason of action taken for the convenience of his employer." 29 C.F.R. § 778.217(a) (2016). For instance, this exception includes the "reasonably approximate amount expended by an employee, who is traveling 'over the road' on his employer's business, for . . . living expenses away from home . . . ." *Id.* § 778.217(b)(3).

Here, the Parties stipulated that CGG's $35 payments were reasonable amounts to compensate Employees for their approximate meal expenses while away from home. Further, they agree that CGG's employees received the $35 payments only when CGG

8

required them to work away from home. Employees traveled away from home because CGG required them to do so. So the issue is whether the $35 reimbursement for meals is a living expense away from home.

While conceding that living expenses are exempt from the regular rate, Employees argue that the phrase "living expenses" doesn't include the cost of food. But the Department of Labor (DOL) has rejected this argument, concluding that "the phrase 'living expenses' includes the cost of food, and the necessity of eating meals away from home is an additional expense that the employee incurs for the employer's benefit." Wage and Hour Division Opinion Letter, FLSA 2004-3 (May 13, 2004); *see McBride*, 688 F.3d at 705 ("Given their provenance and legal effect, [DOL] opinion letters are entitled to great weight when they interpret the DOL's own (ambiguous) regulations." (internal quotation marks omitted) (quoting *In re Wal-Mart Stores, Inc., Fair Labor Standards Act Litig.*, 395 F.3d 1177, 1184 (10th Cir. 2005))). We agree with the DOL that the cost of food away from home is an additional expense that the employee incurs while traveling for the employer's benefit and is thus exempt as a living expense.

Despite this, Employees argue that they were no longer "traveling over the road" once they reached their remote job site, so the $35 cannot be excluded. We agree with the district court that "this is a hyper-literal interpretation of the term 'traveling.'" Appellant's App. vol. I at 192. The term "traveling" includes more than the time spent in transit to or from the remote job site. *See* Wage and Hour Division Opinion Letter, FLSA 2004-3 (May 13, 2004) (explaining that all meals would be excluded as living expenses away from home when an employee travels for work). Instead, we must read "traveling"

9

more broadly as time "away from home," not just time in transit. 29 C.F.R. § 778.217(b)(3). So the proper focus under section 778.217(b)(3) is whether the $35 payments are for reimbursement of travel expenses incurred in furtherance of the employer's interests—not whether the employee is in transit at any given moment when the employee has traveled to a remote job site requiring that the employee be away from home during mealtimes. *See* 29 U.S.C. § 207(e).

Finally, despite stipulating that the $35 per diem payment is a reasonable meal allowance, Employees still suggest that CGG paid the $35 as part of a scheme to set an artificially low hourly pay rate to underpay overtime pay. Employees' stipulation defeats this argument.

And Employees' cited cases on this issue are easily distinguishable—they involve instances where employers tied per diem payments to the amount of hours that employees worked. For example, in *Newman v. Advanced Tech. Innovation Corp.*, 749 F.3d 33, 39 (1st Cir. 2014) and *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1042 (5th Cir. 2010), the courts disallowed employers from excluding per diem payments from employees' regular rates when the per diem payments depended on the number of hours worked. *See* 29 U.S.C. § 207(e)(2) (exempting expenses "incurred by an employee in the furtherance of his employer's interests and properly reimbursable by the employer" but not excluding payments made "as compensation for his hours of employment"). In contrast, here, Employees do not receive higher per diem payments after working longer hours. And it bears repeating that the Parties stipulated that the payments were reasonable payments for meals.

10

Here, Employees traveled to remote job sites away from home to perform lengthy work stints for CGG. While away from home, Employees incurred meal expenses while serving CGG as employees and while furthering CGG's interests. For all the reasons stated, these travel expenses are exempt under 29 U.S.C. § 207(e)(2).

## CONCLUSION

The district court's decision granting summary judgment in favor of CGG is AFFIRMED.