**Georjane BRANHAM, Plaintiff-Appellant,**

v.

**DELTA AIRLINES; Joni Gagnon, Defendants-Appellees.**

**No. 16-4092**

United States Court of Appeals, Tenth Circuit.

Filed February 3, 2017

---

April Lynn Hollingsworth, Ashley Leonard, Hollingsworth Law Office, Salt Lake City, UT, for Plaintiff-Appellant

David B. Dibble, Frederick Roger Thaler, Jr., Esq., Calvin R. Winder, Ray Quinney & Nebeker, Salt Lake City, UT, for Defendants-Appellees

Before KELLY, HARTZ, and O'BRIEN, Circuit Judges.

## ORDER AND JUDGMENT *

Paul J. Kelly, Jr., Circuit Judge

Georjane Branham sued her former employer, Delta Airlines ("Delta"), and her former supervisor, Joni Gagnon, on various claims related to her termination. The district court granted summary judgment in favor of the defendants. Ms. Branham appeals, challenging the district court's ruling on her claim brought under the Family Medical Leave Act, 29 U.S.C. §§ 2601-54 ("FMLA"). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Ms. Branham began working as a flight attendant for Delta in 1991. In 2010, she reported for work when her blood-alcohol level was above the limit applicable to flight attendants. She was terminated but later reinstated after completing an alcohol treatment program. She was then placed on "Final Warning," meaning she could be terminated for "[a]ny infraction of [Delta] policy or failure to meet [Delta] standards" for as long as she continued working for Delta. Aplt. App., Vol. 3 at 588.

In 2012, Ms. Branham was on call from June 6th through the 8th. Flight attendants who are on call may receive an assignment to substitute for another flight attendant who is absent, but they are paid for being on call regardless of whether or not they receive an assignment. On June 7th, Ms. Branham was assigned a flight for 6:00 a.m. the next morning, and she accepted the assignment at 11:30 p.m. But at 1:55 a.m. on June 8th she called in to inform Delta that she would be absent and to request a "managed time out"[1] because she was taking care of her sick mother. *Id.*, Vol. 1 at 13. Later that morning, Ms. Branham contacted Ms. Gagnon via e-mail to explain her request for a managed time out. *Id.*, Vol. 3 at 613. She stated that her "mother was very ill" and she "was still up and caring for [her] at 1:55 [a.m.]." *Id.* She further stated that she "felt unfit to fly due to fatigue." *Id.*

Delta's absence-notification policy provides that flight attendants who call in sick on the day of an assignment after accepting the assignment will not be permitted to fly again until they contact their supervisor. *Id.* at 599; Aplee. Br. at 8. Ms. Gagnon testified that when a flight attendant calls five hours before a shift while on call, it is deemed a "failure to cover," and the flight attendant may be subject to discipline for the rule violation. Aplt. App., Vol. 2 at 563-64. After a meeting with Ms. Gagnon, Ms. Branham was suspended. Delta reviewed her record and later terminated her because she was on "Final Warning," had three absences within the previous twelve months, and received the "failure to cover" on June 8th. *Id.*, Vol. 3 at 623. Ms. Branham appealed her termination through all three steps of Delta's appeals process, and her termination was upheld at each step.

Ms. Branham then filed various claims in the district court. This appeal pertains only to her FMLA claim. With respect to that claim, the court determined Ms. Branham was terminated for failing to comply with Delta's absence-notification policy—a reason that was not related to her exercise of her FMLA rights. The court also found that she had "failed to provide Delta with sufficient information to reasonably apprise it that she might qualify for FMLA benefits." *Id.*, Vol. 2 at 295. Further, because she had used FMLA leave several times before, the court determined she could not have been prejudiced by Delta's alleged failure to notify her about the possibility of requesting such leave in connection with her June 8th absence. As a result, the court concluded Delta was entitled to summary judgment on the FMLA claim.

On appeal, Ms. Branham argues that the district court erred because the defendants terminated her based on the June 8th absence, which should have qualified as FMLA leave, and because they failed to notify her she might be entitled to FMLA leave for the absence.

## II. Analysis

We review de novo the grant of summary judgment, applying the same stan-

---

1. A managed time out is "authorized personal leave time for unforeseen circumstances that arise within twenty-four hours of a scheduled trip." Aplee. Br. at 8.

dard as the district court. *Sharp v. CGG Land (U.S.) Inc.*, 840 F.3d 1211, 1214 (10th Cir. 2016). "Under this standard, summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "[W]e view the evidence and the reasonable inferences to be drawn from [it] in the light most favorable to the nonmoving party." *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 997 (10th Cir. 2011).

"The FMLA makes it unlawful for an employer to interfere with, restrain, or deny the exercise or attempt to exercise any right provided under the FMLA." *Brown v. ScriptPro, LLC*, 700 F.3d 1222, 1226 (10th Cir. 2012). To prevail on an FMLA interference claim, the employee must show that she was entitled to FMLA leave, that some adverse action by the employer interfered with her right to take that leave, and "that the employer's action was related to the exercise or attempted exercise of [her] FMLA rights." *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1180 (10th Cir. 2006) (internal quotation marks omitted). "An employer can defend against the claim, however, by showing that the employee would have been terminated ... regardless of the request for FMLA leave." *Brown*, 700 F.3d at 1227.

## A. Termination

■ "[A]n employer generally does not violate the FMLA if it terminates an employee for failing to comply with a policy requiring notice of absences, *even if the absences that the employee failed to report were protected by the FMLA.*" *Twigg*, 659 F.3d at 1008–09. Ms. Branham proffered no evidence that Delta terminated her for any other reason than her failure to comply with its absence-notification policy. Ms.

Branham's request for FMLA leave, which she made after being suspended, did not shield her from the obligation to comply with Delta's employment policies, including its absence-notification policy. *See Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 878 (10th Cir. 2004); *see also* 29 C.F.R. § 825.303(c) ("When the need for leave is not foreseeable, an employee must comply with the employer's usual and customary notice and procedural requirements for requesting leave, absent unusual circumstances.").

Ms. Branham does not dispute that she was on "Final Warning," that she was absent on short notice just weeks before her June 8th absence, or that she called in sick for her latest absence just hours after having accepted an assignment. "[E]ven if the FMLA entitles an employee to be absent from work, the employee's violation of a notice-of-absence policy can constitute a reason for dismissal that is unrelated to a request for an FMLA leave." *Twigg*, 659 F.3d at 1009 (brackets and internal quotation marks omitted). Under these circumstances, Delta carried its burden of proving that Ms. Branham was dismissed for reasons unrelated to any FMLA leave to which she might otherwise have been entitled. *See Smith v. Diffee Ford–Lincoln–Mercury, Inc.*, 298 F.3d 955, 961 (10th Cir. 2002) ("[A]n employee may be dismissed, preventing her from exercising her statutory right to FMLA leave ... if the dismissal would have occurred regardless of the employee's request for or taking of FMLA leave.").

## B. Notification

■ Ms. Branham also contends that the defendants failed to meet their obligations because they failed to inform her that she could apply for FMLA leave in connection with her June 8th absence. In support of this argument, she relies on

*Tate v. Farmland Industries, Inc.*, 268 F.3d 989, 997 (10th Cir. 2001), which states that "[i]f the employer is on notice that the employee might qualify for FMLA benefits, the employer has a duty to notify the employee that FMLA coverage may apply." Nonetheless, "[c]alling in 'sick' without providing more information will not be considered sufficient notice to trigger an employer's obligations under the [FMLA]." 29 C.F.R. § 825.303(b).

Here, Ms. Branham asserts that the defendants' obligations were triggered when she informed Delta that her mother was ill and submitted other evidence, including a note from her mother, related to her mother's poor health. Opening Br. at 17-19. But even assuming these vague assertions put Delta on notice that she might be entitled to FMLA leave, we would not conclude that Delta failed to meet its notification obligations because Ms. Branham already requested and received FMLA leave multiple times during her tenure at Delta—for herself and to care for family members. *See* 29 C.F.R. § 825.303(b) ("When an employee seeks leave *for the first time* for a FMLA-qualifying reason, the employee need not expressly assert rights under the FMLA or even mention the FMLA." (emphasis added)).

Moreover, because Delta terminated Ms. Branham for reasons unrelated to FMLA leave, she has not shown that she was prejudiced by the defendants' alleged failure to better inform her about her FMLA rights. *See Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89, 122 S.Ct. 1155, 152 L.Ed.2d 167 (2002) (noting that the FMLA's enforcement provision, 29 U.S.C. § 2617, "provides no relief unless the employee has been prejudiced by the violation").

### III. Conclusion

The district court's judgment is affirmed. Because we have determined that there was no FMLA violation, we do not reach the issue of whether Ms. Branham's supervisor can be held personally liable under the statute.