FILED
**United States Court of Appeals**
**Tenth Circuit**

**December 6, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

MANUEL GUILLERMO CARRILLO,

　　Defendant - Appellant.

No. 21-1153
(D.C. No. 1:99-CR-00300-MSK-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

In 2001, Manuel Guillermo Carrillo was convicted of seventeen drug-related counts involving the large-scale distribution of methamphetamine, cocaine, and cocaine base (i.e., crack cocaine). He was sentenced to concurrent sentences on all charges, with sixty-year sentences imposed for Count 1 (conspiracy to distribute cocaine, methamphetamine, and crack cocaine) and Count 17 (possession with intent to distribute crack cocaine), and shorter sentences for the other counts.

After Congress passed the First Step Act of 2018, Carrillo filed a motion for sentencing relief under the Act, requesting a reduced sentence on Counts 1 and 17.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The district court concluded the Count 1 sentence was eligible for sentencing relief, but the court declined to exercise its discretion to reduce this sentence, noting, *inter alia*, that the advisory guidelines range remained the same due to the large amount of methamphetamine involved in the offense.  After rejecting Carrillo's request for a reduction on Count 1, the court declined to consider Carrillo's request for a reduction of his sentence on Count 17.  In support of this decision, the district court cited to our holding in *United States v. Mannie*, 971 F.3d 1145, 1153 (10th Cir. 2020), that "a live controversy is not present, and the court does not have jurisdiction" under Article III, if a requested sentence reduction will "not have the effect of actually reducing the offender's length of incarceration" due to the existence of a coextensive, concurrent sentence on another count.  The district court then concluded:  "If and when Mr. Carrillo is in a position to obtain a sentence reduction on Count One, the Court could address any reduction in the sentence on Count Seventeen under the First Step Act at that time."

On appeal, Carrillo does not challenge the district court's denial of his request for a sentence reduction on Count 1, but he argues the court erred in declining to consider Count 17.  He contends *Mannie* is distinguishable because the district court in *Mannie* lacked the authority to reduce the total length of the defendant's sentence from the onset of the case, *see* 971 F.3d at 1154, but here the district court had jurisdiction to reduce both of his sixty-year concurrent sentences and simply declined to do so.

The district court did not err in declining to consider Carrillo's Count 17 argument. Unlike the defendant in *Mannie*, Carrillo initially had standing to bring a First Step Act motion to challenge both of his sixty-year sentences. Once the district court denied relief on Count 1, however, Carrillo was in the same situation as the defendant in *Mannie*—the requested reduction of the Count 17 sentence would "not have the effect of actually reducing [his] length of incarceration," and thus his alleged injury was no longer redressable as required by Article III. *Id*. at 1153. The distinction Carrillo highlights between *Mannie* and his case is the difference between standing and mootness, but this difference does not affect *Mannie*'s jurisdictional import. Standing and mootness are "closely related doctrines" that both address the question of Article III standing by asking whether the party seeking relief has suffered a concrete injury that can "be redressed by action of the court." *Utah Animal Rights Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1263 (10th Cir. 2004) (McConnell, J., concurring). "The Supreme Court has described the doctrine of mootness as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" *Id.* (McConnell, J., concurring) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997)). If it becomes impossible at any point for a court to grant effective relief, then the injury is no longer redressable, and the court loses jurisdiction over the claim. *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010).

3

Carrillo argues the district court could not deprive itself of jurisdiction by resolving one issue in a manner that mooted the other issue. However, he cites no authority for this proposition, and we note that courts regularly decline to address issues mooted by the disposition of different issues. *See, e.g.*, *Sharp v. CGG Land (U.S.) Inc.*, 840 F.3d 1211, 1214 n.1 (10th Cir. 2016) ("Because we affirm the district court's grant of summary judgment in favor of CGG, Employees' argument that CGG waived its other affirmative defenses is moot and we refrain from addressing that argument."); *Coherent, Inc. v. Coherent Techs., Inc.*, 935 F.2d 1122, 1126 (10th Cir. 1991) ("Having reached the conclusion that the district court did not err in holding Coherent failed to establish the likelihood of confusion, the remaining issues presented for review are moot."); *Navarro v. N.M. Dep't of Pub. Safety*, No. 2:16-cv-1180-JMC-CG, 2018 WL 2770134, at *3 (D.N.M. June 8, 2018) (exercising discretion to grant motion to amend, then denying motions for summary judgment as moot based on that discretionary decision).

Carrillo also argues the district court's decision is improper because it will bar him from ever obtaining review of his Count 17 sentence under the First Step Act, which provides that a prisoner is not eligible for a sentence reduction if "a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." Pub. L. No. 115-391, § 404(c), 132 Stat. 5194, 5222 (2018). This concern is unfounded: the district court made clear that it was declining to consider Carrillo's Count 17 argument, and thus his motion for a reduction of his Count 17 sentence was

4

not "denied after a complete review of the motion on the merits." *Id.* Additionally, *Mannie* clarifies that the dismissal of a First Step Act request for a sentence reduction based on the existence of a concurrent sentence "is without prejudice because [it is a] ruling on a jurisdictional point rather than on the merits of [the] claim." 971 F.3d at 1154 n.12. Thus, as the district court stated, "[i]f and when Mr. Carrillo is in a position to obtain a sentence reduction on Count One, the Court could address any reduction in the sentence on Count Seventeen under the First Step Act at that time."

We therefore **affirm** the district court's disposition of Carrillo's First Step Act motion.

Entered for the Court

Michael R. Murphy
Circuit Judge